**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF NEW MEXICO**

DENNIS MURPHY AS PERSONAL REPRESENTATIVE OF THE ESTATE OF HARRY JOE, JR., *Deceased,* and IRENE SLIM, *Individually,*

Plaintiffs,

v. 1:26-cv-02103-JFR-SCY

MIGUEL FUENTES, A & B LOGISTICS COMPANY, LLC, NEW MEXICO DEPARTMENT OF TRANSPORTATION, SENTRY SELECT INSURANCE COMPANY, JOHN and JANE DOES 1-5, and ABC CORPORATIONS 1-5,

Defendants.

**<u>TRANSMITTAL OF STATE COURT FILE</u>**

**COMES NOW** the law firm of Civerolo, Gralow & Hill, P.A. (Lance D. Richards and Hannah R. Jiacoletti), on behalf of Defendant A&B Logistics Company, LLC, and hereby submits the State Court file as follows:

A certified copy of the documents filed with the First Judicial District Court clerk's office is attached. A total of 81 pages.

The removal was initiated on June 30, 2026.

Respectfully submitted,

CIVEROLO, GRALOW & HILL, P.A.

By:*/s/ Lance D. Richards*
Lance D. Richards
Hannah R. Jiacoletti
*Attorneys for Defendants*
P.O. Box 93940
Albuquerque, NM 87199

Telephone: (505) 842-8255
Facsimile: (505) 764-6099
richardsl@civerolo.com
jiacolettih@civerolo.com

**CERTIFICATE OF SERVICE**

I hereby certify that on the 16th day of July 2026, a true copy of the foregoing was filed with the Court's electronic filing system and served through that system on all counsel of record as follows:

Mark P. Breyer
Richard H. Cravens, IV
11005 Spain Rd., N.E., Suite 17
Albuquerque, NM 87111
Phone: (505) 392-5744
mark@breyerlaw.com
rick.cravens@breyerlaw.com

By: *<u>/s/ Lance D. Richards</u>*
Lance D. Richards

FILED 1st JUDICIAL DISTRICT COURT
Santa Fe County
5/11/2026 12:08 PM
KATHLEEN VIGIL CLERK OF THE COURT
Alycia E Alvarez

STATE OF NEW MEXICO
COUNTY OF SANTA FE
FIRST JUDICIAL DISTRICT COURT

DENNIS P. MURPHY AS PERSONAL REPRESENTATIVE OF THE ESTATE OF HARRY JOE JR., DECEASED AND IRENE SLIM INDIVIDUALLY,

Plaintiff,

vs. No. D-101-CV-2026-01347

Case assigned to Mathew, Francis J.

MIGUEL FUENTES, A & B LOGISTICS COMPANY, LLC
NEW MEXICO DEPARTMENT OF TRANSPORTATION,
SENTRY SELECT INSURANCE COMPANY
JOHN and JANE DOES 1-5; and ABC CORPORATIONS 1-5,

Defendants.

**COMPLAINT FOR NEGLIGENCE, NEGLIGENCE PER SE, NEGLIGENT ENTRUSTMENT, RESPONDEAT SUPERIOR, WRONGFUL DEATH AND CONSORTIUM AND RASKOB CLAIM AGAINST INSURERS**

COMES NOW Plaintiff Dennis P. Murphy as Personal Representative of the Estate of Harry Joe Jr., and Irene Slim individually, by and through their attorneys, Breyer Law Offices, P.C., and for their Complaint state as follows:

**PARTIES, VENUE, AND JURISDICTION**

1. Plaintiff Dennis P. Murphy is a resident of Santa Fe County, New Mexico.
2. Plaintiff Irene Slim is a resident of San Juan County, New Mexico.
3. Upon information and belief, Defendant Miguel Fuentes is a resident of Salt Lake County, Utah.
4. Upon information and belief Defendant A & B Logistics Company LLC is incorporated in Utah with its primary place of business in Salt Lake County, Utah.

5. Defendant New Mexico Department of Transportation (hereinafter "NMDOT") is an agency of the state of New Mexico responsible for the construction, maintenance and repair of public highways within the State of New Mexico as described in the Tort Claims Act, NMSA 1978 §§ 41-4-1, et seq.
6. Upon information and belief Defendant Sentry Select Insurance Company ("Sentry") is incorporated in Wisconsin and its principle place of business is in Portage County, Wisconsin.
7. John and Jane Does 1-5 and ABC Corporations 1-5 are persons or entities whose conduct, true names and identities are unknown at this time. Plaintiffs request leave to amend this pleading when that information is discovered.
8. The acts and omissions complained of occurred in San Juan County, New Mexico.
9. Venue is proper in this Court pursuant to NMSA 1978 § 38-3-1.
10. This Court has jurisdiction over the parties and the subject matter of this lawsuit.

**FACTS COMMON TO ALL CAUSES OF ACTION**

11. On or about October 12, 2025, at approximately 4:37 a.m., on US Highway 491 near milepost 88 in Shiprock, New Mexico, Defendant Miguel Fuentes was operating a semi-truck at a high rate of speed.
12. Defendant Fuentes struck pedestrian Harry Joe Jr., who was pronounced deceased at the scene.
13. Defendant Fuentes was driving a 2020 Freightliner Commercial Motor Vehicle registered to A & B Logistics Company LLC and insured by Sentry Insurance.
14. On information and belief, there were no pre impact skid marks or other evidence of timely evasive braking at the scene.

15. Defendant Fuentes failed to keep a lookout, failed to reduce speed and failed to avoid the pedestrian v. commercial motor vehicle crash that killed Mr. Joe.

16. At all relevant times, Mr. Fuentes was speeding, driving in an unsafe manner and failed in his duty to maintain a proper lookout and control of the tractor trailer under the circumstances.

17. As a direct and proximate result of Mr. Fuentes's excessive speed and reckless operation of the commercial motor vehicle under low visibility conditions, the semi truck violently smashed into Mr. Joe, causing fatal injuries and Mr. Joe was pronounced dead at the scene.

18. A & B Logistics Company LLC owned, leased or otherwise exercised control over the involved tractor.

19. A & B Logistics Company LLC, acting through its agents, participated in the post-crash investigation by providing the dash camera footage to law enforcement, evidencing its control over and involvement in its driver's operations and incident response.

20. At all relevant times Mr. Fuentes was acting within the course and scope of his employment or agency for A & B Logistics Company LLC as its insured commercial driver in the operation of the subject 2020 Freightliner on US Highway 491.

21. A & B Logistics Company LLC authorized, participated in and ratified Mr. Fuentes's acts and omissions that led to the fatal crash.

22. On information and belief, A & B Logistics Company LLC authorized, directed, or knowingly permitted operational practices—including schedule pressures and speed of delivery priorities—that encouraged or tolerated drivers, including Mr. Fuentes, to exceed permissible hour restrictions, posted limits and to forego prudent speed reductions

in low visibility conditions, and thereafter ratified such conduct in connection with this crash.

23. The foregoing conduct by Mr. Fuentes and A & B Logistics Company LLC were willful, wanton, reckless or careless, including operation exceeding permissible hour restrictions, driving at an excessive speed in darkness without adequate lookout or evasive action, and A & B Logistics Company LLC's direct participation in, authorization of, and ratification of that conduct entitles Plaintiffs to punitive or exemplary damages from A & B Logistics Company LLC.

**COUNT I**
**NEGLIGENCE**

24. Plaintiffs incorporate the preceding paragraphs as though fully set forth herein.
25. Defendant Fuentes had a duty to keep a proper lookout and to avoid accidents.
26. Defendant Fuentes breached the duty to keep a proper lookout and to avoid an accident.
27. Defendant Fuentes' breach of duties directly and proximately caused the death of Harry Joe Jr. and damages to Irene Slim.
28. Defendant Fuentes was driving carelessly and heedlessly in willful and wanton disregard for the rights and safety of others and without due caution and circumspection and in a manner so as to endanger others.
29. As a direct and proximate result of the negligence of Defendant Fuentes, Plaintiffs suffered personal injuries and damages including, but not limited to, death, physical injuries, property damages, medical expenses, pain and suffering, loss of enjoyment of life, loss of household services, and other personal injuries in amounts to be proven at trial.

30. Because Defendant Fuentes' acts and omissions were willful, wanton, reckless or careless Plaintiffs are entitled to punitive or exemplary damages in an amount to be determined by the factfinder.

**COUNT II**
**NEGLIGENCE PER SE**
**A & B Logistics Company LLC and Miguel Fuentes**

31. Plaintiffs incorporate the preceding paragraphs as though fully set forth herein.

32. At all times pertinent hereto there were in force and effect, state and federal statutes that were enacted for the safety of the public at large, including Harry Joe Jr.

33. The Federal Motor Carrier Safety Act adopted regulations, hereinafter referred to as "FMCSR," that apply to all trucks, drivers and carriers engaged in interstate commerce including Defendants A & B Logistics Company LLC, and Miguel Fuentes.

34. In addition, the New Mexico State Motor Carrier Safety Act and Traffic laws apply to trucks operating within the State of New Mexico.

35. There were in force and effect FMCSR regulations that may have been violated by Defendants A & B Logistics Company LLC, and Miguel Fuentes, including but not limited to the following:

   a. FMCSR 383.35 and 391.23 regarding background investigation of drivers;

   b. FMSCR 387 requiring minimum insurance of $750,000;

   c. FMCSR 391.11 regarding driver qualifications;

   d. FMCSR 391.13 regarding driver training;

   e. FMCSR 391.25 regarding annual review of driver safety;

   f. FMCSR 391.27 regarding annual reports of driving violations;

   g. FMCSR 391.31 regarding driver road testing.

h. FMCSR 391.51 regarding qualification and records files;

i. FMCSR 395.3 regarding hours of operation; and,

j. FMCSR 395.8 regarding driver duty status logs.

36. At the time of the aforesaid collision, there were in force and effect FMCSR regulations that may have been violated by Defendants A & B Logistics Company LLC, and Miguel Fuentes, including but not limited to the following:

a. NMSA 1978 – 66-7-301(b)(1)- requiring that in every event speed be so controlled by the driver as may be necessary to avoid colliding with any person;

b. NMSA 1978 – 66-7-301(b)(2) - in every event speed shall be so controlled by the driver as may be necessary to comply with legal requirements as may be established by the State Highway and Transportation Department or the New Mexico State Police Division of the Department of Public Safety and the duty of all persons to use due care;

c. NMSA 1978 – 66-8-113 - reckless driving;

d. NMSA 1978 –66-8-114 - careless driving;

e. NMSA 1978 – 65-3-11 - hours of service of drivers which includes but shall not be limited to maximum driving and on duty time, travel time, maintenance of a driver's log or record of duty status;

f. NMSA 1978 –65-3-7 - qualifications of drivers;

g. NMSA 1978 –65-3-8 - equipment; loading; driving; unsafe practices; and

h. NMSA 1978 –65-3-9 - commercial motor vehicles; equipment; regulations.

i. As a direct and proximate result of violations of the above statutes and regulations, Plaintiffs have and will continue to suffer injuries and damages in an amount to be proved at trial.

j. At all times pertinent hereto, Defendants A & B Logistics Company LLC and Miguel Fuentes failed to act reasonably in the operation of the 18-wheeler tractor and trailer. At the time of the incident, Defendant Fuentes was acting as an agent or employee of A & B Logistics Company LLC, within the course and scope of his employment. Defendant A & B Logistics Company LLC is liable for the acts or omissions of their employees, agents, apparent agents, representatives and/or designees under the doctrine of *Respondeat Superior*.

k. Defendant Fuentes was negligent and breached his duty to Harry Joe Jr., and the public, at the above time and place in at least the following respects:

    i. operating the vehicle in a careless and reckless manner;

    ii. failing to have his vehicle under proper control;

    iii. failing to safely apply brakes to avoid a collision;

    iv. failing to maintain a safe speed;

    v. failing to keep a proper lookout; and

    vi. failing to use due care.

37. As a direct and proximate result of Defendants A & B Logistics Company LLC and Miguel Fuentes' negligence, as set forth above, Plaintiff suffered serious injuries and damages in an amount to be proven at trial.

38. Defendant Miguel Fuentes' actions were malicious, willful, wanton, reckless and/or careless. Plaintiffs are entitled to an award of punitive damages.

39. Because Defendant A & B Logistics Company LLC authorized, participated in or ratified Miguel Fuentes' willful, wanton or careless acts and omissions, Plaintiffs are entitled to punitive or exemplary damages in an amount to be determined by the fact-finder from A & B Logistics Company LLC.

**COUNT III**
**NEGLIGENT ENTRUSTMENT**
**A & B Logistics Company LLC, John and Jane Does 1-5 and ABC Corporations 1-5**

40. Plaintiff incorporates the preceding paragraphs as though fully set forth herein.

41. The 18-wheeler driven by Defendant Miguel Fuentes was owned by Defendants A & B Logistics Company LLC, John and Jane Does 1-5 and/or ABC Corporations 1-5.

42. The trailer being towed behind the 18-wheeler driven by Defendant Miguel Fuentes was owned by Defendants A & B Logistics Company LLC, John and Jane Does 1-5 and/or ABC Corporations 1-5.

43. The load being hauled in the trailer being towed behind the 18-wheeler driven by Defendant Miguel Fuentes was owned by Defendants A & B Logistics Company LLC, John and Jane Does 1-5 and/or ABC Corporations 1-5.

44. Defendant owners A & B Logistics Company LLC, John and Jane Does 1-5 and/or ABC Corporations 1-5 permitted Defendant Miguel Fuentes to operate the 18-wheeler, towing the trailer and load at the time of the crash.

45. Defendants A & B Logistics Company LLC, John and Jane Does 1-5 and/or ABC Corporations 1-5 knew or should have known that Defendant Miguel Fuentes was likely to use the vehicles in such a manner as to create an unreasonable risk of harm to others.

46. Defendant Miguel Fuentes was negligent in the operation of the motor vehicles.

47. Defendants' negligence was a cause of the injuries to Ms. Slim and the death of Harry Joe Jr.

48. Defendants A & B Logistics Company LLC, John and Jane Does 1-5 and/or ABC Corporations 1-5 negligent entrustment of the vehicles directly and proximately caused Mr. Joe's death and Irene Slim's personal injuries and damages including, but not limited to, consortium, wrongful death, and other personal injuries in amounts to be proven at trial.

49. Defendants A & B Logistics Company LLC, John and Jane Does 1-5 and/or ABC Corporations 1-5 participated in, authorized or ratified Defendant Miguel Fuentes' malicious, willful, wanton, reckless and/or careless acts making Defendants A & B Logistics Company LLC, John and Jane Does 1-5 and/or ABC Corporations 1-5 liable for punitive damages.

**COUNT IV**
**RESONDEAT SUPERIOR**
**A & B Logistics Company LLC**

50. Plaintiff incorporates the preceding paragraphs as though fully set forth herein.

51. At all times pertinent hereto Defendant Miguel Fuentes was acting in the course and scope of his employment or agency with A & B Logistics Company LLC.

52. Defendant A & B Logistics Company LLC is liable for all acts or omissions of Defendant Miguel Fuentes while in the course and scope of his employment or agency.

53. Defendant Miguel Fuentes was driving carelessly and heedlessly in willful and wanton disregard for the rights and safety of others and without due caution and circumspection and in a manner so as to endanger others.

54. As a direct and proximate result of the negligence of Miguel Fuentes, A & B Logistics Company LLC is liable for Plaintiffs' personal injuries and damages including, but not limited to, wrongful death, consortium, and other personal injuries in amounts to be proven at trial.

55. Because Defendant A & B Logistics Company LLC authorized, participated in, or ratified Defendant Miguel Fuentes' acts and omissions, which were willful, wanton, reckless or careless, Plaintiffs are entitled to punitive or exemplary damages in an amount to be determined by the factfinder from Defendant A & B Logistics Company LLC.

**COUNT V**
**WRONGFUL DEATH**
**All Defendants**

56. Plaintiffs incorporate the preceding paragraphs as though fully set forth herein.

57. On October 12, 2025, at approximately 4:37 a.m., Decedent Harry Joe Jr. was walking on or near U.S. Highway 491 near milepost 88 in or near Shiprock, San Juan County, New Mexico.

58. At that same time and place, Defendant Miguel Fuentes was operating a commercial tractor-trailer/semi-truck in the southbound lanes of U.S. Highway 491, and the semi-truck was owned by, operated by, and/or being used in the business of Defendant A & B Logistics Company LLC.

59. While operating the semi-truck, Fuentes struck Harry Joe Jr., causing catastrophic injuries. Mr. Joe died as a direct and proximate result of this collision.

60. Mr. Joe's death was caused by the negligence of Miguel Fuentes and A & B Logistics Company LLC.

61. At all relevant times, Fuentes owed Decedent and the motoring/public roadway users a duty to use reasonable care under the circumstances, including but not limited to maintaining a proper lookout, traveling at a safe speed for conditions, maintaining proper control of the vehicle, using reasonable defensive driving practices, and taking reasonable evasive action to avoid foreseeable hazards.

62. Defendants breached their duties of reasonable care by failing to keep a proper lookout; failing to timely perceive Decedent; failing to operate at a safe speed for the conditions; failing to timely brake, steer, or otherwise take evasive action; failing to exercise reasonable care in the operation of a commercial motor vehicle in low-light conditions; and otherwise operating and/or managing the commercial vehicle in a careless and unsafe manner.

63. In addition to Fuentes' direct negligence, Defendant A&B Logistics is liable for the wrongful death of Decedent under the doctrine of respondeat superior because Fuentes was acting within the course and scope of his agency and/or employment with A&B Logistics at the time of the collision and was driving A&B Logistics' commercial vehicle in furtherance of A&B Logistics' business.

64. Further, and/or in the alternative, A&B Logistics is independently liable for its own negligence, including negligent hiring, retention, training, supervision, staffing, entrustment, safety practices, and/or related failures in managing and operating its commercial motor vehicle operations, to the extent supported by discovery and the evidence.

65. Defendants' negligence was a direct and proximate cause of the collision, Decedent's fatal injuries, and the damages suffered by the statutory beneficiary(ies) under the New Mexico Wrongful Death Act.

66. As a direct and proximate result of Defendants' wrongful acts and/or omissions, Decedent's statutory beneficiary(ies), including Decedent's mother Irene Slim, have sustained and will continue to sustain legally recoverable wrongful death damages, including but not limited to loss of guidance, care, companionship, society, and other recoverable economic and non-economic damages as allowed by New Mexico law, plus costs and such other relief as the Court deems just and proper..

67. Because Defendant A & B Logistics Company LLC authorized, participated in, or ratified Defendant Miguel Fuentes' acts and omissions, which were willful, wanton, reckless or careless, Plaintiffs are entitled to punitive or exemplary damages in an amount to be determined by the factfinder from Defendant A & B Logistics Company LLC.

**COUNT VI**
**CONSORTIUM**
**All Defendants**

68. Plaintiffs incorporate the preceding paragraphs as though fully set forth herein.

69. Plaintiff Irene Slim is the natural mother of decedent, Harry Joe Jr.

70. On October 12, 2025, at approximately 4:37 a.m., on U.S. Highway 491 near Milepost 88 in Shiprock, New Mexico, a southbound semi-truck operated by Defendant Miguel Fuentes and owned and/or operated by Defendant A & B Logistics Company LLC struck pedestrian Harry Joe Jr.; he was pronounced deceased at the scene.

71. As a direct and proximate result of the collision, and the death of her son, Irene Slim has suffered the loss of Harry Joe Jr.'s love, companionship, society, comfort, guidance, and affection.

72. Irene Slim has endured and continues to endure severe grief, mental anguish, and emotional distress arising from the death of her son, resulting in a significant and ongoing diminishment of her quality of life.

73. Irene Slim's loss-of-consortium harms were foreseeably caused by the Defendants' conduct culminating in the fatal collision and are compensable in this action.

74. Plaintiff seeks damages for her loss of consortium in an amount to be determined by the trier of fact, together with allowable interest, costs, and any further relief deemed just and proper.

**COUNT VII**
**JOINT AND SEVERAL LIABILITY OF SENTRY SELECT INSURANCE COMPANY**

75. Plaintiffs incorporate the preceding paragraphs as though fully set forth herein.

76. At all relevant times, Defendant Sentry Select Insurance Company ("Sentry") issued and maintained a motor-vehicle liability insurance policy, Policy No. A0198348001, insuring Defendant A & B Logistics Company LLC and/or its driver, Miguel Fuentes, for liability arising out of the use and operation of the 2020 Freightliner semi-truck involved in the October 12, 2025 collision.

77. The police report identifies Sentry as the insurer with policy no. A0198348001, and Sentry acknowledged the claim arising from this loss.

78. Defendant Sentry Insurance is directly liable in this action and is jointly and severally liable with Defendants A & B Logistics Company LLC and Miguel Fuentes for any

judgment entered against them, to the extent of the applicable liability insurance limits available under Sentry's policy, together with such interest and costs as allowed by law.

WHEREFORE, Plaintiffs Dennis Murphy as Personal Representative for the Estate of Harry Joe Jr., and Irene Slim, individually, pray for judgment against Defendants Miguel Fuentes, A & B Logistics Company LLC, John and Jane Does 1-5 and/or ABC Corporations 1-5, for all damages recoverable under the New Mexico Wrongful Death Act, compensatory and punitive damages in such amounts allowed by law and as determined by the fact finders in this case, and for interest, costs and such further relief as the Court deems just.

Respectfully submitted,

BREYER LAW OFFICES, P.C.

*/s/ Richard H. Cravens, IV*
Mark P. Breyer
Richard H. Cravens, IV
11005 Spain Rd., N.E., Suite 17
Albuquerque, New Mexico 87111
Telephone: (505) 392-5744
mark@breyerlaw.com
rick.cravens@breyerlaw.com

STATE OF NEW MEXICO FIRST JUDICIAL DISTRICT COURT SANTA FE LOS ALAMOS RIO ARRIBA COUNTIES

State of New Mexico, County of Santa Fe

I certify that this is a true and correct copy of a record, filed on the 11 day of May 2026, in the possession of the Office of the Clerk of the First Judicial District Court. Dated this 13 day of July 2026.

Michael Sena
Signature of Deputy Court Clerk
First Judicial District

FILED 1st JUDICIAL DISTRICT COURT
Santa Fe County
5/22/2026 3:08 PM
KATHLEEN VIGIL CLERK OF THE COURT
Bryanna A Collazo

STATE OF NEW MEXICO
COUNTY OF SANTA FE
FIRST JUDICIAL DISTRICT COURT

DENNIS MURPHY AS PERSONAL REPRESENTATIVE OF THE ESTATE OF HARRY JOE JR., DECEASED AND IRENE SLIM INDIVIDUALLY,

Plaintiff,

vs. No. D-101-CV-2026-01347

MIGUEL FUENTES, A & B LOGISTICS COMPANY, LLC
NEW MEXICO DEPARTMENT OF TRANSPORTATION,
SENTRY SELECT INSURANCE COMPANY
JOHN and JANE DOES 1-5; and ABC CORPORATIONS 1-5.,

Defendants.

**COMPLAINT FOR NEGLIGENCE, NEGLIGENCE PER SE, NEGLIGENT ENTRUSTMENT, RESPONDEAT SUPERIOR, WRONGFUL DEATH AND CONSORTIUM AND RASKOB CLAIM AGAINST INSURERS**

COMES NOW Plaintiff Dennis Murphy as Personal Representative of the Estate of Harry Joe Jr., and Irene Slim individually, by and through their attorneys, Breyer Law LLP, and for their Complaint state as follows:

**PARTIES, VENUE, AND JURISDICTION**

1. Plaintiff Dennis Murphy is a resident of Santa Fe County, New Mexico.
2. Plaintiff Irene Slim is a resident of San Juan County, New Mexico.
3. Upon information and belief Defendant Miguel Fuentes is a resident of Salt Lake County, Utah.
4. Upon information and belief Defendant A & B Logistics Company LLC is incorporated in Utah with its primary place of business in Salt Lake County, Utah.

5. Defendant New Mexico Department of Transportation (hereinafter "NMDOT") is an agency of the state of New Mexico responsible for the construction, maintenance and repair of public highways within the State of New Mexico as described in the Tort Claims Act, NMSA 1978 §§ 41-4-1, et seq.
6. Upon information and belief Defendant Sentry Select Insurance Company ("Sentry") is incorporated in Wisconsin and its principle place of business is in Portage County, Wisconsin.
7. John and Jane Does 1-5 and ABC Corporations 1-5 are persons or entities whose conduct, true names and identities are unknown at this time. Plaintiffs request leave to amend this pleading when that information is discovered.
8. The acts and omissions complained of occurred in San Juan County, New Mexico.
9. Venue is proper in this Court pursuant to NMSA 1978 § 38-3-1.
10. This Court has jurisdiction over the parties and the subject matter of this lawsuit.

**FACTS COMMON TO ALL CAUSES OF ACTION**

11. On October 12, 2025, at approximately 4:37 a.m., defendant Miguel Fuentes was operating a 2020 Freightliner semi-truck southbound on US Highway 491 near milepost 88 in Shiprock, New Mexico, at a high rate of speed.
12. Defendant Fuentes struck pedestrian Harry Joe Jr., who was pronounced deceased at the scene.
13. Defendant Fuentes was driving a 2020 Freightliner Commercial Motor Vehicle registered to A & B Logistics Company LLC and insured by Sentry Insurance.
14. On information and belief, there were no pre impact skid marks or other evidence of timely evasive braking at the scene.

15. Defendant Fuentes failed to keep a lookout, failed to reduce speed and failed to avoid the pedestrian v. commercial motor vehicle crash that killed Mr. Joe.

16. At all relevant times, Mr. Fuentes was speeding, driving in an unsafe manner and failed in his duty to maintain a proper lookout and control of the tractor trailer under the circumstances.

17. As a direct and proximate result of Mr. Fuentes's excessive speed and reckless operation of the commercial motor vehicle under low visibility conditions, the semi truck violently smashed into Mr. Joe, causing fatal injuries and Mr. Joe was pronounced dead at the scene.

18. A & B Logistics Company LLC owned, leased or otherwise exercised control over the involved tractor.

19. A & B Logistics Company LLC, acting through its agents, participated in the post-crash investigation by providing the dash camera footage to law enforcement, evidencing its control over and involvement in its driver's operations and incident response.

20. At all relevant times Mr. Fuentes was acting within the course and scope of his employment or agency for A & B Logistics Company LLC as its insured commercial driver in the operation of the subject 2020 Freightliner on US Highway 491.

21. A & B Logistics Company LLC authorized, participated in and ratified Mr. Fuentes's acts and omissions that led to the fatal crash.

22. On information and belief, A & B Logistics Company LLC authorized, directed, or knowingly permitted operational practices—including schedule pressures and speed of delivery priorities—that encouraged or tolerated drivers, including Mr. Fuentes, to exceed permissible hour restrictions, posted limits and to forego prudent speed reductions

in low visibility conditions, and thereafter ratified such conduct in connection with this crash.

23. The foregoing conduct by Mr. Fuentes and A & B Logistics Company LLC was willful, wanton, reckless or careless, including operation exceeding permissible hour restrictions, driving at an excessive speed in darkness without adequate lookout or evasive action, and A & B Logistics Company LLC's direct participation in, authorization of, and ratification of that conduct entitles Plaintiffs to punitive or exemplary damages from A & B Logistics Company LLC.

**COUNT I**
**NEGLIGENCE**

24. Plaintiffs incorporate the preceding paragraphs as though fully set forth herein.
25. Defendant Fuentes had a duty to keep a proper lookout and to avoid accidents.
26. Defendant Fuentes breached the duty to keep a proper lookout and to avoid an accident.
27. Defendant Fuentes' breach of duties directly and proximately caused the death of Harry Joe Jr. and damages to Irene Slim.
28. Defendant Fuentes was driving carelessly and heedlessly in willful and wanton disregard for the rights and safety of others and without due caution and circumspection and in a manner so as to endanger others.
29. As a direct and proximate result of the negligence of Defendant Fuentes, Plaintiffs suffered personal injuries and damages including, but not limited to, death, physical injuries, property damages, medical expenses, pain and suffering, loss of enjoyment of life, loss of household services, and other personal injuries in amounts to be proven at trial.

30. Because Defendant Fuentes' acts and omissions were willful, wanton, reckless or careless Plaintiffs are entitled to punitive or exemplary damages in an amount to be determined by the factfinder.

**COUNT II**
**NEGLIGENCE PER SE**
**A & B Logistics Company LLC and Miguel Fuentes**

31. Plaintiffs incorporate the preceding paragraphs as though fully set forth herein.

32. At all times pertinent hereto there were in force and effect, state and federal statutes that were enacted for the safety of the public at large, including Harry Joe Jr.

33. The Federal Motor Carrier Safety Act adopted regulations, hereinafter referred to as "FMCSR," that apply to all trucks, drivers and carriers engaged in interstate commerce including Defendants A & B Logistics Company LLC, and Miguel Fuentes.

34. In addition, the New Mexico State Motor Carrier Safety Act and Traffic laws apply to trucks operating within the State of New Mexico.

35. There were in force and effect FMCSR regulations that may have been violated by Defendants A & B Logistics Company LLC, and Miguel Fuentes, including but not limited to the following:

a. FMCSR 383.35 and 391.23 regarding background investigation of drivers;

b. FMSCR 387 requiring minimum insurance of $750,000;

c. FMCSR 391.11 regarding driver qualifications;

d. FMCSR 391.13 regarding driver training;

e. FMCSR 391.25 regarding annual review of driver safety;

f. FMCSR 391.27 regarding annual reports of driving violations;

g. FMCSR 391.31 regarding driver road testing.

h. FMCSR 391.51 regarding qualification and records files;

i. FMCSR 395.3 regarding hours of operation; and,

j. FMCSR 395.8 regarding driver duty status logs.

36. At the time of the aforesaid collision, there were in force and effect FMCSR regulations that may have been violated by Defendants A & B Logistics Company LLC, and Miguel Fuentes, including but not limited to the following:

a. NMSA 1978 – 66-7-301(b)(1)- requiring that in every event speed be so controlled by the driver as may be necessary to avoid colliding with any person;

b. NMSA 1978 – 66-7-301(b)(2) - in every event speed shall be so controlled by the driver as may be necessary to comply with legal requirements as may be established by the State Highway and Transportation Department or the New Mexico State Police Division of the Department of Public Safety and the duty of all persons to use due care;

c. NMSA 1978 – 66-8-113 - reckless driving;

d. NMSA 1978 –66-8-114 - careless driving;

e. NMSA 1978 – 65-3-11 - hours of service of drivers which includes but shall not be limited to maximum driving and on duty time, travel time, maintenance of a driver's log or record of duty status;

f. NMSA 1978 –65-3-7 - qualifications of drivers;

g. NMSA 1978 –65-3-8 - equipment; loading; driving; unsafe practices; and

h. NMSA 1978 –65-3-9 - commercial motor vehicles; equipment; regulations.

i. As a direct and proximate result of violations of the above statutes and regulations, Plaintiffs have and will continue to suffer injuries and damages in an amount to be proved at trial.

j. At all times pertinent hereto, Defendants A & B Logistics Company LLC and Miguel Fuentes failed to act reasonably in the operation of the 18-wheeler tractor and trailer. At the time of the incident, Defendant Fuentes was acting as an agent or employee of A & B Logistics Company LLC, within the course and scope of his employment. Defendant A & B Logistics Company LLC is liable for the acts or omissions of their employees, agents, apparent agents, representatives and/or designees under the doctrine of *Respondeat Superior*.

k. Defendant Fuentes was negligent and breached his duty to Harry Joe Jr., and the public, at the above time and place in at least the following respects:

   i. operating the vehicle in a careless and reckless manner;
   ii. failing to have his vehicle under proper control;
   iii. failing to safely apply brakes to avoid a collision;
   iv. failing to maintain a safe speed;
   v. failing to keep a proper lookout; and
   vi. failing to use due care.

37. As a direct and proximate result of Defendants A & B Logistics Company LLC and Miguel Fuentes' negligence, as set forth above, Plaintiff suffered serious injuries and damages in an amount to be proven at trial.

38. Defendant Miguel Fuentes' actions were malicious, willful, wanton, reckless and/or careless. Plaintiffs are entitled to an award of punitive damages.

39. Because Defendant A & B Logistics Company LLC authorized, participated in or ratified Miguel Fuentes' willful, wanton or careless acts and omissions, Plaintiffs are entitled to punitive or exemplary damages in an amount to be determined by the fact-finder from A & B Logistics Company LLC.

**COUNT III**
**NEGLIGENT ENTRUSTMENT**
**A & B Logistics Company LLC, John and Jane Does 1-5 and ABC Corporations 1-5**

40. Plaintiff incorporates the preceding paragraphs as though fully set forth herein.

41. The 18-wheeler driven by Defendant Miguel Fuentes was owned by Defendants A & B Logistics Company LLC, John and Jane Does 1-5 and/or ABC Corporations 1-5.

42. The trailer being towed behind the 18-wheeler driven by Defendant Miguel Fuentes was owned by Defendants A & B Logistics Company LLC, John and Jane Does 1-5 and/or ABC Corporations 1-5.

43. The load being hauled in the trailer being towed behind the 18-wheeler driven by Defendant Miguel Fuentes was owned by Defendants A & B Logistics Company LLC, John and Jane Does 1-5 and/or ABC Corporations 1-5.

44. Defendant owners A & B Logistics Company LLC, John and Jane Does 1-5 and/or ABC Corporations 1-5 permitted Defendant Miguel Fuentes to operate the 18-wheeler, towing the trailer and load at the time of the crash.

45. Defendants A & B Logistics Company LLC, John and Jane Does 1-5 and/or ABC Corporations 1-5 knew or should have known that Defendant Miguel Fuentes was likely to use the vehicles in such a manner as to create an unreasonable risk of harm to others.

46. Defendant Miguel Fuentes was negligent in the operation of the motor vehicles.

47. Defendants' negligence was a cause of the injuries to Ms. Slim and the death of Harry Joe Jr.

48. Defendants A & B Logistics Company LLC, John and Jane Does 1-5 and/or ABC Corporations 1-5 negligent entrustment of the vehicles directly and proximately caused Mr. Joe's death and Irene Slim's personal injuries and damages including, but not limited to, consortium, wrongful death, and other personal injuries in amounts to be proven at trial.

49. Defendants A & B Logistics Company LLC, John and Jane Does 1-5 and/or ABC Corporations 1-5 participated in, authorized or ratified Defendant Miguel Fuentes' malicious, willful, wanton, reckless and/or careless acts making Defendants A & B Logistics Company LLC, John and Jane Does 1-5 and/or ABC Corporations 1-5 liable for punitive damages.

**COUNT IV**
**RESONDEAT SUPERIOR**
**A & B Logistics Company LLC**

50. Plaintiff incorporates the preceding paragraphs as though fully set forth herein.

51. At all times pertinent hereto Defendant Miguel Fuentes was acting in the course and scope of his employment or agency with A & B Logistics Company LLC.

52. Defendant A & B Logistics Company LLC is liable for all acts or omissions of Defendant Miguel Fuentes while in the course and scope of his employment or agency.

53. Defendant Miguel Fuentes was driving carelessly and heedlessly in willful and wanton disregard for the rights and safety of others and without due caution and circumspection and in a manner so as to endanger others.

54. As a direct and proximate result of the negligence of Miguel Fuentes, A & B Logistics Company LLC is liable for Plaintiffs' personal injuries and damages including, but not limited to, wrongful death, consortium, and other personal injuries in amounts to be proven at trial.

55. Because Defendant A & B Logistics Company LLC authorized, participated in, or ratified Defendant Miguel Fuentes' acts and omissions, which were willful, wanton, reckless or careless, Plaintiffs are entitled to punitive or exemplary damages in an amount to be determined by the factfinder from Defendant A & B Logistics Company LLC.

**COUNT V**
**WRONGFUL DEATH**
**All Defendants**

56. Plaintiffs incorporate the preceding paragraphs as though fully set forth herein.

57. On October 12, 2025, at approximately 4:37 a.m., Decedent Harry Joe Jr. was walking on or near U.S. Highway 491 near milepost 88 in or near Shiprock, San Juan County, New Mexico.

58. At that same time and place, Defendant Miguel Fuentes was operating a commercial tractor-trailer/semi-truck in the southbound lanes of U.S. Highway 491, and the semi-truck was owned by, operated by, and/or being used in the business of Defendant A & B Logistics Company LLC.

59. While operating the semi-truck, Fuentes struck Harry Joe Jr., causing catastrophic injuries. Mr. Joe died as a direct and proximate result of this collision.

60. Mr. Joe's death was caused by the negligence of Miguel Fuentes and A & B Logistics Company LLC.

61. At all relevant times, Fuentes owed Decedent and the motoring/public roadway users a duty to use reasonable care under the circumstances, including but not limited to maintaining a proper lookout, traveling at a safe speed for conditions, maintaining proper control of the vehicle, using reasonable defensive driving practices, and taking reasonable evasive action to avoid foreseeable hazards.

62. Defendants breached their duties of reasonable care by failing to keep a proper lookout; failing to timely perceive Decedent; failing to operate at a safe speed for the conditions; failing to timely brake, steer, or otherwise take evasive action; failing to exercise reasonable care in the operation of a commercial motor vehicle in low-light conditions; and otherwise operating and/or managing the commercial vehicle in a careless and unsafe manner.

63. In addition to Fuentes' direct negligence, Defendant A&B Logistics is liable for the wrongful death of Decedent under the doctrine of respondeat superior because Fuentes was acting within the course and scope of his agency and/or employment with A&B Logistics at the time of the collision and was driving A&B Logistics' commercial vehicle in furtherance of A&B Logistics' business.

64. Further, and/or in the alternative, A&B Logistics is independently liable for its own negligence, including negligent hiring, retention, training, supervision, staffing, entrustment, safety practices, and/or related failures in managing and operating its commercial motor vehicle operations, to the extent supported by discovery and the evidence.

65. Defendants' negligence was a direct and proximate cause of the collision, Decedent's fatal injuries, and the damages suffered by the statutory beneficiary(ies) under the New Mexico Wrongful Death Act.

66. As a direct and proximate result of Defendants' wrongful acts and/or omissions, Decedent's statutory beneficiary(ies), including Decedent's mother Irene Slim, have sustained and will continue to sustain legally recoverable wrongful death damages, including but not limited to loss of guidance, care, companionship, society, and other recoverable economic and non-economic damages as allowed by New Mexico law, plus costs and such other relief as the Court deems just and proper..

67. Because Defendant A & B Logistics Company LLC authorized, participated in, or ratified Defendant Miguel Fuentes' acts and omissions, which were willful, wanton, reckless or careless, Plaintiffs are entitled to punitive or exemplary damages in an amount to be determined by the factfinder from Defendant A & B Logistics Company LLC.

**COUNT VI**
**CONSORTIUM**
**All Defendants**

68. Plaintiffs incorporate the preceding paragraphs as though fully set forth herein.

69. Plaintiff Irene Slim is the natural mother of decedent, Harry Joe Jr.

70. On October 12, 2025, at approximately 4:37 a.m., on U.S. Highway 491 near Milepost 88 in Shiprock, New Mexico, a southbound semi-truck operated by Defendant Miguel Fuentes and owned and/or operated by Defendant A & B Logistics Company LLC struck pedestrian Harry Joe Jr.; he was pronounced deceased at the scene.

71. As a direct and proximate result of the collision, and the death of her son, Irene Slim has suffered the loss of Harry Joe Jr.'s love, companionship, society, comfort, guidance, and affection.

72. Irene Slim has endured and continues to endure severe grief, mental anguish, and emotional distress arising from the death of her son, resulting in a significant and ongoing diminishment of her quality of life.

73. Irene Slim's loss-of-consortium harms were foreseeably caused by the Defendants' conduct culminating in the fatal collision and are compensable in this action.

74. Plaintiff seeks damages for her loss of consortium in an amount to be determined by the trier of fact, together with allowable interest, costs, and any further relief deemed just and proper.

**COUNT VII**
**JOINT AND SEVERAL LIABILITY OF SENTRY SELECT INSURANCE COMPANY**

75. Plaintiffs incorporate the preceding paragraphs as though fully set forth herein.

76. At all relevant times, Defendant Sentry Select Insurance Company ("Sentry") issued and maintained a motor-vehicle liability insurance policy, Policy No. A0198348001, insuring Defendant A & B Logistics Company LLC and/or its driver, Miguel Fuentes, for liability arising out of the use and operation of the 2020 Freightliner semi-truck involved in the October 12, 2025 collision.

77. The police report identifies Sentry as the insurer with policy no. A0198348001, and Sentry acknowledged the claim arising from this loss.

78. Defendant Sentry Insurance is directly liable in this action and is jointly and severally liable with Defendants A & B Logistics Company LLC and Miguel Fuentes for any

judgment entered against them, to the extent of the applicable liability insurance limits available under Sentry's policy, together with such interest and costs as allowed by law.

**COUNT VIII**
**NEGLIGENCE AND LIABILITY PURSUANT TO TORT CLAIMS ACT**
**NMDOT**

79. Plaintiffs incorporate the preceding paragraphs as though fully set forth herein.

80. The immunity granted pursuant to Subsection A of Section 41-4-4 NMSA 1978 does not apply to liability for damages resulting from bodily injury, wrongful death or property damage caused by the negligence of public employees while acting within the scope of their duties during the construction, and in subsequent maintenance, of any bridge, culvert, highway, roadway, street, alley, sidewalk or parking area. NMSA 1978 § 41-4-11.

81. The NMDOT has a duty to maintain the roadway where this crash occurred.

82. The NMDOT's duty to maintain the roadway where this crash occurred is non-delegable.

83. NMDOT was operating and maintaining the road for use by the general public and is subject to liability as provided in the Tort Claims Act. NMSA 1978 § 41-4-11

84. NMDOT negligently breached its duty to maintain the roadway.

85. NMDOT's breach of its duty directly and proximately caused Harry Joe Jr.'s personal injuries and damages including, but not limited to, physical injuries, property damages, medical expenses, pain and suffering, loss of enjoyment of life, loss of household services, and other personal injuries in amounts to be proven at trial.

86. NMDOT's liability is joint and several.

WHEREFORE, Plaintiffs Dennis Murphy as Personal Representative for the Estate of Harry Joe Jr., and Irene Slim, individually, pray for judgment against Defendants Miguel Fuentes,

A & B Logistics Company LLC, John and Jane Does 1-5 and/or ABC Corporations 1-5, Sentry Insurance and New Mexico Department of Transportation for all damages recoverable under the New Mexico Wrongful Death Act, compensatory and punitive damages in such amounts allowed by law and as determined by the fact finders in this case, and for interest, costs and such further relief as the Court deems just.

STATE OF NEW MEXICO FIRST JUDICIAL DISTRICT COURT SANTA FE LOS ALAMOS RIO ARRIBA COUNTIES

Respectfully submitted,

BREYER LAW OFFICES, P.C.

*/s/ Richard H. Cravens, IV*
Mark P. Breyer
Richard H. Cravens, IV
11005 Spain Rd., N.E., Suite 17
Albuquerque, New Mexico 87111
Telephone: (505) 392-5744
mark@breyerlaw.com
rick.cravens@breyerlaw.com

State of New Mexico, County of Santa Fe

I certify that this is a true and correct copy of a record, filed on the 22 day of May 2026, in the possession of the Office of the Clerk of the First Judicial District Court. Dated this 13 day of July 2026.

Michael Sena
Signature of Deputy Court Clerk
First Judicial District

FILED 1st JUDICIAL DISTRICT COURT
Santa Fe County
6/11/2026 4:02 PM
KATHLEEN VIGIL CLERK OF THE COURT
Tatiana V Huerta

Return

# SUMMONS

| | |
|---|---|
| District Court: First<br>Santa Fe County, New Mexico<br>Court Address: 225 Montezuma Avenue<br>Santa Fe, NM 87501<br>Court Telephone No.: (505) 455-8250 | Case Number: D-101-CV-2026-01347<br><br>Judge: Francis J. Matthew |
| Plaintiff(s): Dennis Murphy as Personal Representative of The Estate Of Harry Joe Jr., Deceased and Irene Slim Individually<br>v.<br>Defendant(s): Miguel Fuentes, A & B Logistics Company, LLC, New Mexico Department of Transportation, Sentry Select Insurance Company John And Jane Does 1-5; and ABC Corporations 1-5 | Defendant<br>Name: A&B Logistics Company LLC<br>Address: 14576 South Elora Circle<br>Bluffdale, UT 84065 |

**TO THE ABOVE NAMED DEFENDANT(S):** Take notice that

1. A lawsuit has been filed against you. A copy of the lawsuit is attached. The Court issued this Summons.
2. You must respond to this lawsuit in writing. You must file your written response with the Court no later than thirty (30) days from the date you are served with this Summons. (The date you are considered served with the Summons is determined by Rule 1-004 NMRA.) The Court's address is listed above.
3. You must file (in person or by mail) your written response with the Court. When you file your response, you must give or mail a copy to the person who signed the lawsuit.
4. If you do not respond in writing, the Court may enter judgment against you as requested in the lawsuit.
5. You are entitled to a jury trial in most types of lawsuits. To ask for a jury trial, you must request one in writing and pay a jury fee.
6. If you need an interpreter, you must ask for one in writing.
7. You may wish to consult a lawyer. You may contact the State Bar of New Mexico for help finding a lawyer at www.nmbar.org; 1-800-876-6657; or 1-505-797-6066.

Dated at Santa Fe, New Mexico, this 4th day of June, 2026.

KATHLEEN VIGIL
CLERK OF COURT

By Dominique [signature]
Deputy

FIRST JUDICIAL DISTRICT COURT STATE OF NEW MEXICO

/s/ Richard H. Cravens, IV
Mark P. Breyer
Richard H. Cravens, IV
11005 Spain Rd., N.E., Suite 17
Albuquerque, New Mexico 87111
Telephone: (505) 392-5744
rick.cravens@breyerlaw.com

THIS SUMMONS IS ISSUED PURSUANT TO RULE 1-004 NMRA OF THE NEW MEXICO RULES OF CIVIL PROCEDURE FOR DISTRICT COURTS.

RETURN[1]

STATE OF Utah )
)ss
COUNTY OF Utah )

I, being duly sworn, on oath, state that I am over the age of eighteen (18) years and not a party to this lawsuit, and that I served this summons in Utah county on the 5 day of June, 2026, by delivering a copy of this summons, with a copy of complaint attached, in the following manner:

(check one box and fill in appropriate blanks)

[ ] to the defendant ______ *(used when defendant accepts a copy of summons and complaint or refuses to accept the summons and complaint)*

[ ] to the defendant by [mail] [courier service] as provided by Rule 1-004 NMRA *(used when service is by mail or commercial courier service)*.

After attempting to serve the summons and complaint on the defendant by personal service or by mail or commercial courier service, by delivering a copy of this summons, with a copy of complaint attached, in the following manner:

[ ] to ______, a person over fifteen (15) years of age and residing at the usual place of abode of defendant ______, *(used when the defendant is not presently at place of abode)* and by mailing by first class mail to the defendant at ______ *(insert defendant's last known mailing address)* a copy of the summons and complaint.

[ ] to ______, the person apparently in charge at the actual place of business or employment of the defendant and by mailing by first class mail to the defendant at ______ *(insert defendant's business address)* and by mailing the summons and complaint by first class mail to the defendant at ______ *(insert defendant's last known mailing address)*.

[X] to Ben (Owner), an agent authorized to receive service of process for defendant A&B Logistics Company, LLC

[ ] to ______, [parent] [guardian] [custodian] [conservator] [guardian ad litem] of defendant ______ *(used when defendant is a minor or an incompetent person)*.

[ ] to ______________________ (*name of person*), ______________________, (*title of person authorized to receive service. Use this alternative when the defendant is a corporation or an association subject to a suit under a common name, a land grant board of trustees, the State of New Mexico or any political subdivision*).

Fees: ______________________

Margaret Fisher
Signature of person making service

______________________
Title (*if any*)

Subscribed and sworn to before me this 11 day of June, 2026

Mora
______________________
Judge, notary or other officer authorized to administer oaths

Notary
______________________
Official title

STATE OF NEW MEXICO
NOTARY PUBLIC
MARIANITA MORA
Commission # 1126101
My Comm. Exp. May 17, 2027

USE NOTE

1. Unless otherwise ordered by the court, this return is not to be filed with the court prior to service of the summons and complaint on the defendant.

2. If service is made by the sheriff or a deputy sheriff of a New Mexico county, the signature of the sheriff or deputy sheriff need not be notarized.

[Adopted effective August 1, 1988; as amended by Supreme Court Order No. 05-8300-001, effective March 1, 2005; by Supreme Court Order No. 07-8300-016, effective August 1, 2007; as amended by Supreme Court Order No. 12-8300-026, effective for all cases filed or pending on or after January 7, 2013; as amended by Supreme Court Order No. 13-8300-022, effective for all cases pending or filed on or after December 31, 2013.]

STATE OF NEW MEXICO FIRST JUDICIAL DISTRICT COURT SANTA FE LOS ALAMOS RIO ARRIBA COUNTIES

State of New Mexico, County of Santa Fe

I certify that this is a true and correct copy of a record, filed on the 11 day of June 2026, in the possession of the Office of the Clerk of the First Judicial District Court. Dated this 13 day of July 2026.

Michael Sena
Signature of Deputy Court Clerk
First Judicial District

FILED 1st JUDICIAL DISTRICT COURT
Santa Fe County
6/11/2026 4:02 PM
KATHLEEN VIGIL CLERK OF THE COURT
Tatiana V Huerta

Return

**SUMMONS**

| | |
|---|---|
| District Court: First<br>Santa Fe County, New Mexico<br>Court Address: 225 Montezuma Avenue<br>Santa Fe, NM 87501<br>Court Telephone No.: (505) 455-8250 | Case Number: D-101-CV-2026-01347<br><br>Judge: Francis J. Matthew |
| Plaintiff(s): Dennis Murphy as Personal Representative of The Estate Of Harry Joe Jr., Deceased and Irene Slim Individually<br>v.<br>Defendant(s): Miguel Fuentes, A & B Logistics Company, LLC, New Mexico Department of Transportation, Sentry Select Insurance Company John And Jane Does 1-5; and ABC Corporations 1-5 | Defendant<br>Name: New Mexico Department of Transportation<br>Address: 1120 Cerrillos Road<br>Santa Fe, NM 87505 |

**TO THE ABOVE NAMED DEFENDANT(S):** Take notice that

1. A lawsuit has been filed against you. A copy of the lawsuit is attached. The Court issued this Summons.
2. You must respond to this lawsuit in writing. You must file your written response with the Court no later than thirty (30) days from the date you are served with this Summons. (The date you are considered served with the Summons is determined by Rule 1-004 NMRA.) The Court's address is listed above.
3. You must file (in person or by mail) your written response with the Court. When you file your response, you must give or mail a copy to the person who signed the lawsuit.
4. If you do not respond in writing, the Court may enter judgment against you as requested in the lawsuit.
5. You are entitled to a jury trial in most types of lawsuits. To ask for a jury trial, you must request one in writing and pay a jury fee.
6. If you need an interpreter, you must ask for one in writing.
7. You may wish to consult a lawyer. You may contact the State Bar of New Mexico for help finding a lawyer at www.nmbar.org; 1-800-876-6657; or 1-505-797-6066.

Dated at Santa Fe, New Mexico, this 4th day of June, 20 26.

KATHLEEN VIGIL
CLERK OF COURT

By Dominique Garcia
Deputy

FIRST JUDICIAL DISTRICT COURT ★ STATE OF NEW MEXICO ★

/s/ Richard H. Cravens, IV
Mark P. Breyer
Richard H. Cravens, IV
11005 Spain Rd., N.E., Suite 17
Albuquerque, New Mexico 87111
Telephone: (505) 392-5744
rick.cravens@breyerlaw.com

THIS SUMMONS IS ISSUED PURSUANT TO RULE 1-004 NMRA OF THE NEW MEXICO RULES OF CIVIL PROCEDURE FOR DISTRICT COURTS.

RETURN[1]

STATE OF NEW MEXICO )
)ss
COUNTY OF BERNALILLO )

I, being duly sworn, on oath, state that I am over the age of eighteen (18) years and not a party to this lawsuit, and that I served this summons in Santa Fe county on the 11th day of June, 2026, by delivering a copy of this summons, with a copy of complaint attached, in the following manner:

(check one box and fill in appropriate blanks)

[ ] to the defendant ______ (*used when defendant accepts a copy of summons and complaint or refuses to accept the summons and complaint*)

[ ] to the defendant by [mail] [courier service] as provided by Rule 1-004 NMRA (*used when service is by mail or commercial courier service*).

After attempting to serve the summons and complaint on the defendant by personal service or by mail or commercial courier service, by delivering a copy of this summons, with a copy of complaint attached, in the following manner:

[ ] to ______, a person over fifteen (15) years of age and residing at the usual place of abode of defendant ______, (*used when the defendant is not presently at place of abode*) and by mailing by first class mail to the defendant at ______ (*insert defendant's last known mailing address*) a copy of the summons and complaint.

[ ] to ______, the person apparently in charge at the actual place of business or employment of the defendant and by mailing by first class mail to the defendant at ______ (*insert defendant's business address*) and by mailing the summons and complaint by first class mail to the defendant at ______ (*insert defendant's last known mailing address*).

[X] to Tammy Torres, Executive Administrative Cabinet Secretary, an agent authorized to receive service of process for defendant NM Dept of Transportation.

[ ] to ______, [parent] [guardian] [custodian] [conservator] [guardian ad litem] of defendant ______ (*used when defendant is a minor or an incompetent person*).

[ ] to ______________ (*name of person*), ______________, (*title of person authorized to receive service. Use this alternative when the defendant is a corporation or an association subject to a suit under a common name, a land grant board of trustees, the State of New Mexico or any political subdivision*).

Fees: ______________

______________
Signature of person making service

Server
Title (*if any*)

Subscribed and sworn to before me this 10 day of June, 2026

Shelly Smith
Judge, notary or other officer
authorized to administer oaths

SHELBY SMITH
Notary Public - State of Utah
Comm. No. 744973
My Commission Expires on
Aug 13, 2029

Notary
Official title

USE NOTE

1. Unless otherwise ordered by the court, this return is not to be filed with the court prior to service of the summons and complaint on the defendant.

2. If service is made by the sheriff or a deputy sheriff of a New Mexico county, the signature of the sheriff or deputy sheriff need not be notarized.

[Adopted effective August 1, 1988; as amended by Supreme Court Order No. 05-8300-001, effective March 1, 2005; by Supreme Court Order No. 07-8300-016, effective August 1, 2007; as amended by Supreme Court Order No. 12-8300-026, effective for all cases filed or pending on or after January 7, 2013; as amended by Supreme Court Order No. 13-8300-022, effective for all cases pending or filed on or after December 31, 2013.]

STATE OF NEW MEXICO FIRST JUDICIAL DISTRICT COURT SANTA FE LOS ALAMOS RIO ARRIBA COUNTIES

State of New Mexico, County of Santa Fe

I certify that this is a true and correct copy of a record, filed on the 11 day of June 2026, in the possession of the Office of the Clerk of the First Judicial District Court. Dated this 13 day of July 2026.

Michael Sena
Signature of Deputy Court Clerk
First Judicial District

FILED 1st JUDICIAL DISTRICT COURT
Santa Fe County
6/30/2026 1:55 PM
KATHLEEN VIGIL CLERK OF THE COURT
Shana Stewart

STATE OF NEW MEXICO
COUNTY OF SANTA FE
FIRST JUDICIAL DISTRICT COURT

DENNIES MURPHY AS PERSONAL REPRESENTATIVE OF THE ESTATE OF HARRY JOE, JR., *Deceased,* and IRENE SLIM, *Individually,*

Plaintiffs,

v. D-101-CV-2026-01347

MIGUEL FUENTES, A & B LOGISTICS COMPANY, LLC, NEW MEXICO DEPARTMENT OF TRANSPORTATION, SENTRY SELECT INSURANCE COMPANY, JOHN and JANE DOES 1-5, and ABC CORPORATIONS 1-5,

Defendants.

**NOTICE TO ADVERSE PARTIES OF REMOVAL TO FEDERAL COURT**

PLEASE TAKE NOTICE that a Notice of Removal of this action was filed in the United States District Court for the District of New Mexico on June 30, 2026. A copy of said Notice of Removal is attached to this notice as **Exhibit 1** and is served and filed herewith.

Respectfully submitted,

CIVEROLO, GRALOW & HILL, P.A.

By: ______________________

Lance D. Richards
Hannah R. Jiacoletti
*Attorneys for Defendants*
P.O. Box 93940
Albuquerque, NM 87199
(505) 842-8255
richardsl@civerolo.com
jiacolettih@civerolo.com

STATE OF NEW MEXICO FIRST JUDICIAL DISTRICT COURT SANTA FE LOS ALAMOS RIO ARRIBA COUNTIES

State of New Mexico, County of Santa Fe

I certify that this is a true and correct copy of a record, filed on the 30 day of June 2026, in the possession of the Office of the Clerk of the First Judicial District Court. Dated this 13 day of July 2026.

Michael Sena
Signature of Deputy Court Clerk
First Judicial District

**CERTIFICATE OF SERVICE**

I hereby certify that on the 30th day of June, 2026, a true copy of the foregoing was filed with the Court's electronic filing system and served through that system on all counsel of record as follows:

Richard H. Cravens, IV
Mark P. Breyer
11005 Spain Rd. NE, Suite 17
Albuquerque, New Mexico 87111
505-392-5744
mark@breyerlaw.com
rick.cravens@breyerlaw.com

By: ______________________________
Lance D. Richards
Hannah R. Jiacoletti

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF NEW MEXICO**

DENNIS MURPHY AS PERSONAL REPRESENTATIVE OF THE ESTATE OF HARRY JOE, JR., *Deceased,* and IRENE SLIM, *Individually,*

Plaintiffs,

v. 26-2103

MIGUEL FUENTES, A & B LOGISTICS COMPANY, LLC, NEW MEXICO DEPARTMENT OF TRANSPORTATION, SENTRY SELECT INSURANCE COMPANY, JOHN and JANE DOES 1-5, and ABC CORPORATIONS 1-5,

Defendants.

**NOTICE OF REMOVAL OF ACTION UNDER 28 U.S.C. §§ 1332, 1441, AND 1446 BY DEFENDANT A & B LOGISTICS COMPANY, LLC**

COMES NOW Defendant A & B Logistics Company, LLC, (hereinafter "Defendant A&B"), by and through its counsel of record Civerolo, Gralow & Hill, P.A. (Lance D. Richards, Esq., and Hannah R. Jiacoletti, Esq.) and hereby provide notice that it is removing the state court action described below to the U.S. District Court for the District of New Mexico pursuant to 28 U.S.C. §§ 1332, 1441(a) and 1446. In support of its removal notice, Defendant states as follows:

1. Plaintiffs commenced this personal injury action in the First Judicial District, County of Santa Fe by filing his "Complaint for Negligence, Negligence Per Se, Negligent Entrustment, Respondeat Superior, Wrongful Death and Consortium and Raskob Claim Against Insurers" captioned *DENNIES MURPHY AS PERSONAL REPRESENTATIVE OF THE ESTATE OF HARRY JOE, JR., Deceased, and IRENE SLIM, Individually, Plaintiffs, v. MIGUEL FUENTES, A & B LOGISTICS COMPANY, LLC, NEW MEXICO DEPARTMENT OF*

*TRANSPORTATION, SENTRY SELECT INSURANCE COMPANY, JOHN and JANE DOES 1-5, and ABC CORPORATIONS 1-5, Defendants*, Cause No. D-101-CV-2026-01347 (hereinafter "Complaint") on May 22, 2026.

2. On June 5, 2026, Defendant A&B was served with the Summons and the Complaint.

3. Defendant A&B's time to answer or remove with respect to the Complaint has not expired.

4. The Notice of Removal is filed in this Court within thirty (30) days of the service of Defendant A&B of the initial pleadings in this case. *See*, 28 U.S.C. § 1446(b).

5. The state court in which this action was commenced is within this Court's district. As set forth below, this Court had jurisdiction over the subject matter of this lawsuit. Therefore, this action is properly removed to this Court pursuant to 28 U.S.C. §§ 1332, 1441 and 1446.

**DIVERSITY JURISDICTION**

6. Plaintiff Dennis Murphy is a citizen of Santa Fe County, New Mexico. *See* Complaint at ¶ 1, *attached hereto as,* **Exhibit A**.

7. Plaintiff Irene Slim is alleged to be a citizen of San Juan County, New Mexico. *Id.* at ¶ 2.

8. Defendant Miguel Fuentes is a citizen of Salt Lake County, Utah. *Id.* at ¶ 3.

9. Defendant A & B Logistics Company, LLC is a limited liability company with its primary place of business in Bluffdale, Utah. It has one member, Bagrat Ishhanov, who is a citizen of Bluffdale, Utah. *Id.* at 4; Utah Print Sheet, *attached hereto as,* **Exhibit B**; Attorney Affidavit at ¶ 9, *attached hereto as,* **Exhibit C**.

10. Defendant Sentry Select Insurance Company is a company incorporated in Wisconsin with its principal place of business in Portage County, Wisconsin. **Exhibit A** at ¶ 6.

11. The presence of Defendant John and Jane Doe 1-5 and ABC Corporation 1-5, defendants sued under a fictional name, in this action cannot destroy diversity jurisdiction—Plaintiffs' Complaint makes no allegations against Defendant John Doe and Defendant John Doe's identity and citizenship are unknown. 28 U.S.C. § 1441(a) ("In determining whether a civil action is removable on the basis of the jurisdiction under section 1332(a) of this title, the citizenship of defendants sued under fictitious names shall be disregarded.").

12. Defendant New Mexico Department of Transportation is an agency of the state of New Mexico. **Exhibit A** at ¶ 5.

13. It is well established that a State is not a citizen for purposes of diversity jurisdiction under 28 U.S.C. § 1332. See Moor v. County of Alameda, 411 U.S. 693, 717 (1973).

14. Accordingly, Defendant New Mexico Department of Transportation 's presence in this action does not destroy complete diversity because Defendant New Mexico Department of Transportation is not a citizen whose citizenship is considered for purposes of determining diversity jurisdiction.

15. Alternatively, and to the extent Defendant New Mexico Department of Transportation 's citizenship is considered, Defendant New Mexico Department of Transportation was fraudulently joined because Plaintiffs cannot establish a viable cause of action against Defendant New Mexico Department of Transportation under New Mexico law.

16. Defendant New Mexico Department of Transportation, the non-diverse defendant, was fraudulently joined in this lawsuit solely to disrupt or defeat diversity. (*See* Motion to Dismiss New Mexico Department of Transportation Based on the Doctrine of Fraudulent Joinder, filed

concurrently with this Notice of Removal; Attorney Affidavit at ¶¶ 12-13, attached hereto as **Exhibit C**). Defendant A&B filed a Motion to Dismiss New Mexico Department of Transportation on the doctrine of fraudulent joinder. *Id.*

17. As set forth in Defendant A&B's Motion, Plaintiffs fail to allege facts identifying any dangerous roadway condition or maintenance deficiency attributable to the New Mexico Department of Transportation. Rather, they make broad, conclusory allegations which are unsupported by fact. *Id.*

18. The procedural history of Plaintiffs' pleadings further demonstrates the absence of any viable claim against the New Mexico Department of Transportation. **Plaintiffs initially named the New Mexico Department of Transportation as a Defendant without asserting <u>any</u> allegations concerning the New Mexico Department of Transportation's conduct.** *See* Plaintiffs' first Complaint, filed May 11, 2026, *attached hereto as,* **Exhibit D.** Thereafter, Plaintiffs "amended" their Complaint and added Count VIII against the New Mexico Department of Transportation. However, the "amended" Complaint *still* fails to identify any dangerous roadway condition, roadway defect, maintenance deficiency, signage defect, lighting deficiency, visibility obstruction, shoulder defect, or other condition allegedly attributable to the New Mexico Department of Transportation. Instead, Plaintiffs merely recite the statutory language of NMSA 1978, § 41-4-11 and conclusory allege that the New Mexico Department of Transportation breached a duty to maintain the roadway and caused Plaintiffs' damages. The amendment added legal conclusions, not factual allegations, and confirms the absence of any reasonable basis to predict recovery against the New Mexico Department of Transportation.

19. The Tenth Circuit recognizes the doctrine of fraudulent joinder. Fraudulent joinder exists where the removing defendant demonstrates either "(1) actual fraud in the pleading of

jurisdictional facts, or (2) inability of the plaintiff to establish a cause of action against the non-diverse party in state court." *Dutcher v. Matheson*, 733 F.3d 980, 988 (10th Cir. 2013).

20. The removing defendant bears a heavy burden. However, joinder is fraudulent where there is "no possibility" that the plaintiff would be able to establish a cause of action against the joined defendant in state court. *Montano v. Allstate Indem. Co.*, 211 F.3d 1278, 2000 WL 525592, at *1 (10th Cir. Apr. 14, 2000) (unpublished).

21. In evaluating fraudulent joinder, the Court may pierce the pleadings, consider the entire record, and determine whether there exists any reasonable basis to predict recovery against the non-diverse defendant. *Dutcher*, 733 F.3d at 988; *Montano*, 2000 WL 525592, at *1.

22. Here, Plaintiffs have not alleged facts identifying any dangerous roadway condition, maintenance defect, traffic-control defect, visibility obstruction, lighting deficiency, or other condition attributable to NMDOT. Accordingly, there is no reasonable basis to predict recovery against NMDOT under NMSA 1978 § 41-4-11.

23. Plaintiffs likewise fail to allege any facts establishing notice to the New Mexico Department of Transportation of any allegedly dangerous roadway condition.

24. The sole factual theory pleaded in the Complaint is that decedent was struck by a commercial vehicle operated by Defendant Fuentes.

25. Under the New Mexico Tort Claims Act, governmental entities retain immunity absent an express statutory waiver. NMSA 1978, § 41-4-4.

26. Plaintiffs invoke § 41-4-11, which waives immunity only for injuries resulting from negligence in the construction or maintenance of highways and roadways.

27. Courts interpreting § 41-4-11 examine whether the injury arose from a dangerous condition of a roadway and whether a sufficient causal nexus exists between the condition and the

injury. *See Rutherford v. Chaves County*, 2003-NMSC-010, ¶¶ 12-15, 133 N.M. 756; *Martinez v. New Mexico Department of Transportation*, 2013-NMSC-005, 296 P.3d 468 (examined whether a dangerous roadway condition existed and whether the injury arose from roadway maintenance obligations); *Noriega v. Stahmann Farms, Inc.*, 113 N.M. 441, 827 P.2d 156 (Ct. App. 1992).

28. Plaintiffs allege no facts that would bring this action within the limited waiver of immunity recognized by § 41-4-11.

29. Instead, Plaintiffs merely recite statutory language and assert legal conclusions concerning roadway maintenance. Significantly, Plaintiffs do not allege the existence of any dangerous roadway condition whatsoever. The Complaint does not identify a defect in Highway 491, inadequate maintenance, obscured signage, defective traffic-control devices, shoulder deterioration, inadequate illumination, obstructed sight lines, or any other condition attributable to the New Mexico Department of Transportation. Instead, the Complaint alleges only that the New Mexico Department of Transportation "negligently breached its duty to maintain the roadway." Such allegations merely recite statutory language and legal conclusions and provide no factual basis from which a court could reasonably conclude that the limited waiver contained in NMSA 1978 § 41-4-11 applies.

30. Because the Complaint fails to identify any factual basis upon which Plaintiffs could recover against the New Mexico Department of Transportation under New Mexico law, the New Mexico Department of Transportation was fraudulently joined and its citizenship must be disregarded for purposes of determining diversity jurisdiction.

31. Therefore, complete diversity of citizenship exists for the purposes of this Court's original jurisdiction over the subject matter of this lawsuit.

32. To confer subject matter jurisdiction on this Court based on diversity of citizenship, the amount in controversy must exceed the sum or value of $75,000.00, exclusive of interest and cost. 28 U.S.C. § 1332(a). Where a complaint does not contain dispositive allegations of the amount in controversy, the jurisdictional amount is determined by the allegations in the underlying complaint. *See e.g., Laughlin v. Kmart Corp.*, 50 F.3d 871, 873 (10th Cir. 1995). Calculations of the amount in controversy include all damages at issue. *See, e.g., Bell v. Preferred Life Assur. Soc'y* 320 U.S. 238, 240 (1943); *Watson v. Blankinship*, 20 F.3d 383 (10th Cir. 1994); see *also 14A Wright v. Miller, Federal Practice and Procedure*, §3712, at 176-78, and authorities cited therein; *Foret v. Southern Farm Bureau Life Ins. Co.*, 918 F. 2d 534, 537 (5 Cir. 1990).

33. Plaintiffs seek recovery for damages related to the death of Harry Joe, Jr. **Exhibit A**, *generally*. Plaintiff's claimed damages are based on an alleged incident involving a motor vehicle and pedestrian which is the subject of Plaintiffs' Complaint, which allegedly caused, (1) the wrongful death of Harry Joe, Jr., (2) physical injuries, (3) property damage, (4) medical expenses, (5) pain and suffering, (6) loss of enjoyment of life, (7) loss of household services, (8) other personal injuries, and (9) punitive damages. *Id.*

34. The original Notice of Removal is filed in this Court within thirty (30) days of the service of Plaintiff's Complaint. *See* 28 U.S.C. § 1446(b)(1). The state court action was commenced less than one year from the date of this Notice of Removal. *See* 28 U.S.C. §1446(c)(1). The state court in which this action was commenced is within this Court's district. As set forth, in this Amended Notice of Removal this Court has jurisdiction over the subject matter of this lawsuit. Therefore, this action is properly removed to this Court, pursuant to 28 U.S.C. §§ 1332, 1441, and 1446.

35. The above-described action is a civil action of which this Court has original jurisdiction under the provisions of 28 U.S.C. §§ 1332, in that it is a civil action between citizens of different states where the matter in controversy exceeds the sum or value of $75,000.00, exclusive of interests and costs. *See* Attorney Affidavit at ¶¶ 5-6, *attached hereto as,* **Exhibit C**.

36. The Court has diversity jurisdiction over this action pursuant to 28 U.S.C. §§ 1332 and 1441(a) because it is a civil action between citizens of different states and the amount in controversy exceeds $75,000, exclusive of costs and interest.

37. Defendant A&B concurrently filed a Notice to Adverse Parties of Removal to Federal Court, with the clerk of the First Judicial District Court, County of Santa Fe, State of New Mexico, pursuant to 28 U.S.C. §1446(d), together with its original Notice.

38. Pursuant to D.N.M. LR-CIV 81.1(a), Defendant A&B submitted copies of the records and proceedings from the state court action within thirty days of its filing of its original Notice of Removal.

39. Defendant New Mexico Department of Transportation consents to this removal.

40. Pursuant to 28 U.S.C. § 1446(b)(2)(A), consent is unnecessary from any of the remaining Defendants because no other defendant has been served as of the filing of this Notice

Respectfully submitted,

CIVEROLO, GRALOW & HILL, P.A.

By: ______________________________

Lance D. Richards
Hannah R. Jiacoletti
*Attorneys for Defendants*
P.O. Box 93940
Albuquerque, NM 87199
(505) 842-8255
richardsl@civerolo.com
jiacolettih@civerolo.com

**CERTIFICATE OF SERVICE**

I hereby certify that on the 30th day of June, 2026, a true copy of the foregoing was filed with the Court's electronic filing system and served through that system on all counsel of record as follows:

Richard H. Cravens, IV
Mark P. Breyer
11005 Spain Rd. NE, Suite 17
Albuquerque, New Mexico 87111
505-392-5744
mark@breyerlaw.com
rick.cravens@breyerlaw.com

By: ______________________________
Lance D. Richards
Hannah R. Jiacoletti

FILED 1st JUDICIAL DISTRICT COURT
Santa Fe County
5/22/2026 3:08 PM
KATHLEEN VIGIL CLERK OF THE COURT
Bryanna A Collazo

STATE OF NEW MEXICO
COUNTY OF SANTA FE
FIRST JUDICIAL DISTRICT COURT

DENNIS MURPHY AS PERSONAL REPRESENTATIVE OF THE ESTATE OF HARRY JOE JR., DECEASED AND IRENE SLIM INDIVIDUALLY,

Plaintiff,

vs. No. D-101-CV-2026-01347

MIGUEL FUENTES, A & B LOGISTICS COMPANY, LLC
NEW MEXICO DEPARTMENT OF TRANSPORTATION,
SENTRY SELECT INSURANCE COMPANY
JOHN and JANE DOES 1-5; and ABC CORPORATIONS 1-5.,

Defendants.

**COMPLAINT FOR NEGLIGENCE, NEGLIGENCE PER SE, NEGLIGENT ENTRUSTMENT, RESPONDEAT SUPERIOR, WRONGFUL DEATH AND CONSORTIUM AND RASKOB CLAIM AGAINST INSURERS**

COMES NOW Plaintiff Dennis Murphy as Personal Representative of the Estate of Harry Joe Jr., and Irene Slim individually, by and through their attorneys, Breyer Law LLP, and for their Complaint state as follows:

**PARTIES, VENUE, AND JURISDICTION**

1. Plaintiff Dennis Murphy is a resident of Santa Fe County, New Mexico.
2. Plaintiff Irene Slim is a resident of San Juan County, New Mexico.
3. Upon information and belief Defendant Miguel Fuentes is a resident of Salt Lake County, Utah.
4. Upon information and belief Defendant A & B Logistics Company LLC is incorporated in Utah with its primary place of business in Salt Lake County, Utah.

5. Defendant New Mexico Department of Transportation (hereinafter "NMDOT") is an agency of the state of New Mexico responsible for the construction, maintenance and repair of public highways within the State of New Mexico as described in the Tort Claims Act, NMSA 1978 §§ 41-4-1, et seq.
6. Upon information and belief Defendant Sentry Select Insurance Company ("Sentry") is incorporated in Wisconsin and its principle place of business is in Portage County, Wisconsin.
7. John and Jane Does 1-5 and ABC Corporations 1-5 are persons or entities whose conduct, true names and identities are unknown at this time. Plaintiffs request leave to amend this pleading when that information is discovered.
8. The acts and omissions complained of occurred in San Juan County, New Mexico.
9. Venue is proper in this Court pursuant to NMSA 1978 § 38-3-1.
10. This Court has jurisdiction over the parties and the subject matter of this lawsuit.

**FACTS COMMON TO ALL CAUSES OF ACTION**

11. On October 12, 2025, at approximately 4:37 a.m., defendant Miguel Fuentes was operating a 2020 Freightliner semi-truck southbound on US Highway 491 near milepost 88 in Shiprock, New Mexico, at a high rate of speed.
12. Defendant Fuentes struck pedestrian Harry Joe Jr., who was pronounced deceased at the scene.
13. Defendant Fuentes was driving a 2020 Freightliner Commercial Motor Vehicle registered to A & B Logistics Company LLC and insured by Sentry Insurance.
14. On information and belief, there were no pre impact skid marks or other evidence of timely evasive braking at the scene.

15. Defendant Fuentes failed to keep a lookout, failed to reduce speed and failed to avoid the pedestrian v. commercial motor vehicle crash that killed Mr. Joe.

16. At all relevant times, Mr. Fuentes was speeding, driving in an unsafe manner and failed in his duty to maintain a proper lookout and control of the tractor trailer under the circumstances.

17. As a direct and proximate result of Mr. Fuentes's excessive speed and reckless operation of the commercial motor vehicle under low visibility conditions, the semi truck violently smashed into Mr. Joe, causing fatal injuries and Mr. Joe was pronounced dead at the scene.

18. A & B Logistics Company LLC owned, leased or otherwise exercised control over the involved tractor.

19. A & B Logistics Company LLC, acting through its agents, participated in the post-crash investigation by providing the dash camera footage to law enforcement, evidencing its control over and involvement in its driver's operations and incident response.

20. At all relevant times Mr. Fuentes was acting within the course and scope of his employment or agency for A & B Logistics Company LLC as its insured commercial driver in the operation of the subject 2020 Freightliner on US Highway 491.

21. A & B Logistics Company LLC authorized, participated in and ratified Mr. Fuentes's acts and omissions that led to the fatal crash.

22. On information and belief, A & B Logistics Company LLC authorized, directed, or knowingly permitted operational practices—including schedule pressures and speed of delivery priorities—that encouraged or tolerated drivers, including Mr. Fuentes, to exceed permissible hour restrictions, posted limits and to forego prudent speed reductions

in low visibility conditions, and thereafter ratified such conduct in connection with this crash.

23. The foregoing conduct by Mr. Fuentes and A & B Logistics Company LLC was willful, wanton, reckless or careless, including operation exceeding permissible hour restrictions, driving at an excessive speed in darkness without adequate lookout or evasive action, and A & B Logistics Company LLC's direct participation in, authorization of, and ratification of that conduct entitles Plaintiffs to punitive or exemplary damages from A & B Logistics Company LLC.

**COUNT I**
**NEGLIGENCE**

24. Plaintiffs incorporate the preceding paragraphs as though fully set forth herein.

25. Defendant Fuentes had a duty to keep a proper lookout and to avoid accidents.

26. Defendant Fuentes breached the duty to keep a proper lookout and to avoid an accident.

27. Defendant Fuentes' breach of duties directly and proximately caused the death of Harry Joe Jr. and damages to Irene Slim.

28. Defendant Fuentes was driving carelessly and heedlessly in willful and wanton disregard for the rights and safety of others and without due caution and circumspection and in a manner so as to endanger others.

29. As a direct and proximate result of the negligence of Defendant Fuentes, Plaintiffs suffered personal injuries and damages including, but not limited to, death, physical injuries, property damages, medical expenses, pain and suffering, loss of enjoyment of life, loss of household services, and other personal injuries in amounts to be proven at trial.

30. Because Defendant Fuentes' acts and omissions were willful, wanton, reckless or careless Plaintiffs are entitled to punitive or exemplary damages in an amount to be determined by the factfinder.

**COUNT II**
**NEGLIGENCE PER SE**
**A & B Logistics Company LLC and Miguel Fuentes**

31. Plaintiffs incorporate the preceding paragraphs as though fully set forth herein.

32. At all times pertinent hereto there were in force and effect, state and federal statutes that were enacted for the safety of the public at large, including Harry Joe Jr.

33. The Federal Motor Carrier Safety Act adopted regulations, hereinafter referred to as "FMCSR," that apply to all trucks, drivers and carriers engaged in interstate commerce including Defendants A & B Logistics Company LLC, and Miguel Fuentes.

34. In addition, the New Mexico State Motor Carrier Safety Act and Traffic laws apply to trucks operating within the State of New Mexico.

35. There were in force and effect FMCSR regulations that may have been violated by Defendants A & B Logistics Company LLC, and Miguel Fuentes, including but not limited to the following:

   a. FMCSR 383.35 and 391.23 regarding background investigation of drivers;

   b. FMSCR 387 requiring minimum insurance of $750,000;

   c. FMCSR 391.11 regarding driver qualifications;

   d. FMCSR 391.13 regarding driver training;

   e. FMCSR 391.25 regarding annual review of driver safety;

   f. FMCSR 391.27 regarding annual reports of driving violations;

   g. FMCSR 391.31 regarding driver road testing.

h. FMCSR 391.51 regarding qualification and records files;

i. FMCSR 395.3 regarding hours of operation; and,

j. FMCSR 395.8 regarding driver duty status logs.

36. At the time of the aforesaid collision, there were in force and effect FMCSR regulations that may have been violated by Defendants A & B Logistics Company LLC, and Miguel Fuentes, including but not limited to the following:

a. NMSA 1978 – 66-7-301(b)(1)- requiring that in every event speed be so controlled by the driver as may be necessary to avoid colliding with any person;

b. NMSA 1978 – 66-7-301(b)(2) - in every event speed shall be so controlled by the driver as may be necessary to comply with legal requirements as may be established by the State Highway and Transportation Department or the New Mexico State Police Division of the Department of Public Safety and the duty of all persons to use due care;

c. NMSA 1978 – 66-8-113 - reckless driving;

d. NMSA 1978 –66-8-114 - careless driving;

e. NMSA 1978 – 65-3-11 - hours of service of drivers which includes but shall not be limited to maximum driving and on duty time, travel time, maintenance of a driver's log or record of duty status;

f. NMSA 1978 –65-3-7 - qualifications of drivers;

g. NMSA 1978 –65-3-8 - equipment; loading; driving; unsafe practices; and

h. NMSA 1978 –65-3-9 - commercial motor vehicles; equipment; regulations.

i. As a direct and proximate result of violations of the above statutes and regulations, Plaintiffs have and will continue to suffer injuries and damages in an amount to be proved at trial.

j. At all times pertinent hereto, Defendants A & B Logistics Company LLC and Miguel Fuentes failed to act reasonably in the operation of the 18-wheeler tractor and trailer. At the time of the incident, Defendant Fuentes was acting as an agent or employee of A & B Logistics Company LLC, within the course and scope of his employment. Defendant A & B Logistics Company LLC is liable for the acts or omissions of their employees, agents, apparent agents, representatives and/or designees under the doctrine of *Respondeat Superior*.

k. Defendant Fuentes was negligent and breached his duty to Harry Joe Jr., and the public, at the above time and place in at least the following respects:

   i. operating the vehicle in a careless and reckless manner;

   ii. failing to have his vehicle under proper control;

   iii. failing to safely apply brakes to avoid a collision;

   iv. failing to maintain a safe speed;

   v. failing to keep a proper lookout; and

   vi. failing to use due care.

37. As a direct and proximate result of Defendants A & B Logistics Company LLC and Miguel Fuentes' negligence, as set forth above, Plaintiff suffered serious injuries and damages in an amount to be proven at trial.

38. Defendant Miguel Fuentes' actions were malicious, willful, wanton, reckless and/or careless. Plaintiffs are entitled to an award of punitive damages.

39. Because Defendant A & B Logistics Company LLC authorized, participated in or ratified Miguel Fuentes' willful, wanton or careless acts and omissions, Plaintiffs are entitled to punitive or exemplary damages in an amount to be determined by the fact-finder from A & B Logistics Company LLC.

**COUNT III**
**NEGLIGENT ENTRUSTMENT**
**A & B Logistics Company LLC, John and Jane Does 1-5 and ABC Corporations 1-5**

40. Plaintiff incorporates the preceding paragraphs as though fully set forth herein.

41. The 18-wheeler driven by Defendant Miguel Fuentes was owned by Defendants A & B Logistics Company LLC, John and Jane Does 1-5 and/or ABC Corporations 1-5.

42. The trailer being towed behind the 18-wheeler driven by Defendant Miguel Fuentes was owned by Defendants A & B Logistics Company LLC, John and Jane Does 1-5 and/or ABC Corporations 1-5.

43. The load being hauled in the trailer being towed behind the 18-wheeler driven by Defendant Miguel Fuentes was owned by Defendants A & B Logistics Company LLC, John and Jane Does 1-5 and/or ABC Corporations 1-5.

44. Defendant owners A & B Logistics Company LLC, John and Jane Does 1-5 and/or ABC Corporations 1-5 permitted Defendant Miguel Fuentes to operate the 18-wheeler, towing the trailer and load at the time of the crash.

45. Defendants A & B Logistics Company LLC, John and Jane Does 1-5 and/or ABC Corporations 1-5 knew or should have known that Defendant Miguel Fuentes was likely to use the vehicles in such a manner as to create an unreasonable risk of harm to others.

46. Defendant Miguel Fuentes was negligent in the operation of the motor vehicles.

47. Defendants' negligence was a cause of the injuries to Ms. Slim and the death of Harry Joe Jr.

48. Defendants A & B Logistics Company LLC, John and Jane Does 1-5 and/or ABC Corporations 1-5 negligent entrustment of the vehicles directly and proximately caused Mr. Joe's death and Irene Slim's personal injuries and damages including, but not limited to, consortium, wrongful death, and other personal injuries in amounts to be proven at trial.

49. Defendants A & B Logistics Company LLC, John and Jane Does 1-5 and/or ABC Corporations 1-5 participated in, authorized or ratified Defendant Miguel Fuentes' malicious, willful, wanton, reckless and/or careless acts making Defendants A & B Logistics Company LLC, John and Jane Does 1-5 and/or ABC Corporations 1-5 liable for punitive damages.

**COUNT IV**
**RESONDEAT SUPERIOR**
**A & B Logistics Company LLC**

50. Plaintiff incorporates the preceding paragraphs as though fully set forth herein.

51. At all times pertinent hereto Defendant Miguel Fuentes was acting in the course and scope of his employment or agency with A & B Logistics Company LLC.

52. Defendant A & B Logistics Company LLC is liable for all acts or omissions of Defendant Miguel Fuentes while in the course and scope of his employment or agency.

53. Defendant Miguel Fuentes was driving carelessly and heedlessly in willful and wanton disregard for the rights and safety of others and without due caution and circumspection and in a manner so as to endanger others.

54. As a direct and proximate result of the negligence of Miguel Fuentes, A & B Logistics Company LLC is liable for Plaintiffs' personal injuries and damages including, but not limited to, wrongful death, consortium, and other personal injuries in amounts to be proven at trial.

55. Because Defendant A & B Logistics Company LLC authorized, participated in, or ratified Defendant Miguel Fuentes' acts and omissions, which were willful, wanton, reckless or careless, Plaintiffs are entitled to punitive or exemplary damages in an amount to be determined by the factfinder from Defendant A & B Logistics Company LLC.

**COUNT V**
**WRONGFUL DEATH**
**All Defendants**

56. Plaintiffs incorporate the preceding paragraphs as though fully set forth herein.

57. On October 12, 2025, at approximately 4:37 a.m., Decedent Harry Joe Jr. was walking on or near U.S. Highway 491 near milepost 88 in or near Shiprock, San Juan County, New Mexico.

58. At that same time and place, Defendant Miguel Fuentes was operating a commercial tractor-trailer/semi-truck in the southbound lanes of U.S. Highway 491, and the semi-truck was owned by, operated by, and/or being used in the business of Defendant A & B Logistics Company LLC.

59. While operating the semi-truck, Fuentes struck Harry Joe Jr., causing catastrophic injuries. Mr. Joe died as a direct and proximate result of this collision.

60. Mr. Joe's death was caused by the negligence of Miguel Fuentes and A & B Logistics Company LLC.

61. At all relevant times, Fuentes owed Decedent and the motoring/public roadway users a duty to use reasonable care under the circumstances, including but not limited to maintaining a proper lookout, traveling at a safe speed for conditions, maintaining proper control of the vehicle, using reasonable defensive driving practices, and taking reasonable evasive action to avoid foreseeable hazards.

62. Defendants breached their duties of reasonable care by failing to keep a proper lookout; failing to timely perceive Decedent; failing to operate at a safe speed for the conditions; failing to timely brake, steer, or otherwise take evasive action; failing to exercise reasonable care in the operation of a commercial motor vehicle in low-light conditions; and otherwise operating and/or managing the commercial vehicle in a careless and unsafe manner.

63. In addition to Fuentes' direct negligence, Defendant A&B Logistics is liable for the wrongful death of Decedent under the doctrine of respondeat superior because Fuentes was acting within the course and scope of his agency and/or employment with A&B Logistics at the time of the collision and was driving A&B Logistics' commercial vehicle in furtherance of A&B Logistics' business.

64. Further, and/or in the alternative, A&B Logistics is independently liable for its own negligence, including negligent hiring, retention, training, supervision, staffing, entrustment, safety practices, and/or related failures in managing and operating its commercial motor vehicle operations, to the extent supported by discovery and the evidence.

65. Defendants' negligence was a direct and proximate cause of the collision, Decedent's fatal injuries, and the damages suffered by the statutory beneficiary(ies) under the New Mexico Wrongful Death Act.

66. As a direct and proximate result of Defendants' wrongful acts and/or omissions, Decedent's statutory beneficiary(ies), including Decedent's mother Irene Slim, have sustained and will continue to sustain legally recoverable wrongful death damages, including but not limited to loss of guidance, care, companionship, society, and other recoverable economic and non-economic damages as allowed by New Mexico law, plus costs and such other relief as the Court deems just and proper..

67. Because Defendant A & B Logistics Company LLC authorized, participated in, or ratified Defendant Miguel Fuentes' acts and omissions, which were willful, wanton, reckless or careless, Plaintiffs are entitled to punitive or exemplary damages in an amount to be determined by the factfinder from Defendant A & B Logistics Company LLC.

**COUNT VI**
**CONSORTIUM**
**All Defendants**

68. Plaintiffs incorporate the preceding paragraphs as though fully set forth herein.

69. Plaintiff Irene Slim is the natural mother of decedent, Harry Joe Jr.

70. On October 12, 2025, at approximately 4:37 a.m., on U.S. Highway 491 near Milepost 88 in Shiprock, New Mexico, a southbound semi-truck operated by Defendant Miguel Fuentes and owned and/or operated by Defendant A & B Logistics Company LLC struck pedestrian Harry Joe Jr.; he was pronounced deceased at the scene.

71. As a direct and proximate result of the collision, and the death of her son, Irene Slim has suffered the loss of Harry Joe Jr.'s love, companionship, society, comfort, guidance, and affection.

72. Irene Slim has endured and continues to endure severe grief, mental anguish, and emotional distress arising from the death of her son, resulting in a significant and ongoing diminishment of her quality of life.

73. Irene Slim's loss-of-consortium harms were foreseeably caused by the Defendants' conduct culminating in the fatal collision and are compensable in this action.

74. Plaintiff seeks damages for her loss of consortium in an amount to be determined by the trier of fact, together with allowable interest, costs, and any further relief deemed just and proper.

## COUNT VII
## JOINT AND SEVERAL LIABILITY OF SENTRY SELECT INSURANCE COMPANY

75. Plaintiffs incorporate the preceding paragraphs as though fully set forth herein.

76. At all relevant times, Defendant Sentry Select Insurance Company ("Sentry") issued and maintained a motor-vehicle liability insurance policy, Policy No. A0198348001, insuring Defendant A & B Logistics Company LLC and/or its driver, Miguel Fuentes, for liability arising out of the use and operation of the 2020 Freightliner semi-truck involved in the October 12, 2025 collision.

77. The police report identifies Sentry as the insurer with policy no. A0198348001, and Sentry acknowledged the claim arising from this loss.

78. Defendant Sentry Insurance is directly liable in this action and is jointly and severally liable with Defendants A & B Logistics Company LLC and Miguel Fuentes for any

judgment entered against them, to the extent of the applicable liability insurance limits available under Sentry's policy, together with such interest and costs as allowed by law.

**COUNT VIII**
**NEGLIGENCE AND LIABILITY PURSUANT TO TORT CLAIMS ACT**
**NMDOT**

79. Plaintiffs incorporate the preceding paragraphs as though fully set forth herein.

80. The immunity granted pursuant to Subsection A of Section 41-4-4 NMSA 1978 does not apply to liability for damages resulting from bodily injury, wrongful death or property damage caused by the negligence of public employees while acting within the scope of their duties during the construction, and in subsequent maintenance, of any bridge, culvert, highway, roadway, street, alley, sidewalk or parking area. NMSA 1978 § 41-4-11.

81. The NMDOT has a duty to maintain the roadway where this crash occurred.

82. The NMDOT's duty to maintain the roadway where this crash occurred is non-delegable.

83. NMDOT was operating and maintaining the road for use by the general public and is subject to liability as provided in the Tort Claims Act. NMSA 1978 § 41-4-11

84. NMDOT negligently breached its duty to maintain the roadway.

85. NMDOT's breach of its duty directly and proximately caused Harry Joe Jr.'s personal injuries and damages including, but not limited to, physical injuries, property damages, medical expenses, pain and suffering, loss of enjoyment of life, loss of household services, and other personal injuries in amounts to be proven at trial.

86. NMDOT's liability is joint and several.

WHEREFORE, Plaintiffs Dennis Murphy as Personal Representative for the Estate of Harry Joe Jr., and Irene Slim, individually, pray for judgment against Defendants Miguel Fuentes,

A & B Logistics Company LLC, John and Jane Does 1-5 and/or ABC Corporations 1-5, Sentry Insurance and New Mexico Department of Transportation for all damages recoverable under the New Mexico Wrongful Death Act, compensatory and punitive damages in such amounts allowed by law and as determined by the fact finders in this case, and for interest, costs and such further relief as the Court deems just.

Respectfully submitted,

BREYER LAW OFFICES, P.C.

*/s/ Richard H. Cravens, IV*

Mark P. Breyer
Richard H. Cravens, IV
11005 Spain Rd., N.E., Suite 17
Albuquerque, New Mexico 87111
Telephone: (505) 392-5744
mark@breyerlaw.com
rick.cravens@breyerlaw.com

## ENTITY INFORMATION

### ENTITY INFORMATION

**Entity Name:**

A&B LOGISTICS COMPANY LLC

**Entity Number:**

11799404-0160

**Entity Type:**

Domestic Limited Liability Company

**Entity Subtype:**

Limited Liability Company

**Formation Date:**

06/03/2020

**Profession:**

N/A

**Formation Effective Date:**

06/03/2020

**Entity Status:**

Active

**Renew By Date:**

06/30/2026

**Entity Status Details:**

Current

**Last Renewed Date:**

08/17/2021

**Status Updated On:**

12/04/2025

## REGISTERED AGENT INFORMATION

**Name:**

BAGRAT ISHHANOV

**Street Address:**

14576 SOUTH ELORA CIRCLE, Bluffdale, UT, 84065, USA

**Last Updated:**

12/4/2025 1:17:07 PM

## PRINCIPAL INFORMATION

| Title | Name | Address | Last Updated |
|---|---|---|---|
| Member | BAGRAT MURADOV | 14576 SOUTH ELORA CIRCLE, Bluffdale, UT, 84065, USA | 12/04/2025 |

Page 1 of 1, records 1 to 1 of 1

## ADDRESS INFORMATION

**Physical Address:**

14576 south elora circle, Bluffdale, UT, 84065, USA

**Updated Date:**

12/4/2025 1:17:07 PM

**Mailing Address:**

14576 south elora circle, Bluffdale, UT, 84065, USA

**Updated Date:**

12/4/2025 1:17:07 PM

Print Filing History Name History Mergers/Conversions Associated DBAs

Return to Search Return to Results

**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO**

DENNIES MURPHY AS PERSONAL REPRESENTATIVE OF THE ESTATE OF HARRY JOE, JR., *Deceased,* and IRENE SLIM, *Individually,*

Plaintiffs,

v.

MIGUEL FUENTES, A & B LOGISTICS COMPANY, LLC, NEW MEXICO DEPARTMENT OF TRANSPORTATION, SENTRY SELECT INSURANCE COMPANY, JOHN and JANE DOES 1-5, and ABC CORPORATIONS 1-5,

Defendants.

**ATTORNEY AFFIDAVIT**

COMES NOW the undersigned and states as follows:

1. Civerolo, Gralow & Hill, P.A., is counsel of record for Defendant A & B Logistics Company, LLC, (hereinafter "Defendant A & B").

2. Plaintiffs filed their Complaint for Negligence, Negligence Per Se, Negligent Entrustment, Respondeat Superior, Wrongful Death and Consortium and Raskob Claim Against Insurers (hereinafter "Complaint") in the State of New Mexico, First Judicial District Court on May 22, 2026.

3. Defendant A&B was served with Plaintiff's Complaint on June 5, 2026.

4. This case arises from a vehicle accident between pedestrian Harry Joe, Jr. and Defendant A&B's driver. (*See generally* Plaintiff's Complaint).

5. Plaintiff's claimed damages are based on an alleged incident involving a motor vehicle and pedestrian which is the subject of Plaintiffs' Complaint, which allegedly caused, (1)

the wrongful death of Harry Joe, Jr., (2) physical injuries, (3) property damage, (4) medical expenses, (5) pain and suffering, (6) loss of enjoyment of life, (7) loss of household services, (8) other personal injuries, and (9) punitive damages. (*See* Plaintiffs' Complaint).

6. Given the allegations in the Complaint and Plaintiffs' alleged injuries the amount in controversy exceeds $75,000.00.

7. Plaintiff Dennis Murphy is a citizen of Santa Fe County, New Mexico.

8. Plaintiff Irene Slim claims she is a citizen of San Juan County, New Mexico.

9. Defendant A & B Logistics Company, LLC is a limited liability company with its primary place of business in Bluffdale, Utah. It has one member, Bagrat Ishhanov, who is a citizen of Bluffdale, Utah.

10. Defendant Sentry Select Insurance Company is a company incorporated in Wisconsin with its principal place of business in Portage County, Wisconsin.

11. The presence of Defendant John and Jane Doe 1-5 and ABC Corporation 1-5, defendants sued under a fictional name, in this action cannot destroy diversity jurisdiction— Plaintiffs' Complaint makes no allegations against Defendant John Doe and Defendant John Doe's identity and citizenship are unknown.

12. Defendant New Mexico Department of Transportation 's presence in this action does not destroy complete diversity because Defendant New Mexico Department of Transportation is not a citizen whose citizenship is considered for purposes of determining diversity jurisdiction.

13. Alternatively, and to the extent Defendant New Mexico Department of Transportation 's citizenship is considered, Defendant New Mexico Department of Transportation was fraudulently joined because Plaintiffs cannot establish a viable cause of action against Defendant New Mexico Department of Transportation under New Mexico law.

FURTHER Affiant sayeth naught.

Lance D. Richards

STATE OF NEW MEXICO )
)
COUNTY OF BERNALILLO )

Subscribed and sworn to before me on June 30, 26 2026, by Lance D. Richards.

Rebecca Salaz
Notary Public
My Commission Expires: 4-26-2029

(Seal)

REBECCA SALAS
Notary Public
State of New Mexico
Comm. # 1117544
My Comm. Exp. Apr 26, 2029

FILED 1st JUDICIAL DISTRICT COURT
Santa Fe County
5/11/2026 12:08 PM
KATHLEEN VIGIL CLERK OF THE COURT
Alycia E Alvarez

STATE OF NEW MEXICO
COUNTY OF SANTA FE
FIRST JUDICIAL DISTRICT COURT

DENNIS P. MURPHY AS PERSONAL REPRESENTATIVE OF THE ESTATE OF HARRY JOE JR., DECEASED AND IRENE SLIM INDIVIDUALLY,

Plaintiff,

vs. No. D-101-CV-2026-01347
Case assigned to Mathew, Francis J.

MIGUEL FUENTES, A & B LOGISTICS COMPANY, LLC
NEW MEXICO DEPARTMENT OF TRANSPORTATION,
SENTRY SELECT INSURANCE COMPANY
JOHN and JANE DOES 1-5; and ABC CORPORATIONS 1-5,

Defendants.

**COMPLAINT FOR NEGLIGENCE, NEGLIGENCE PER SE, NEGLIGENT ENTRUSTMENT, RESPONDEAT SUPERIOR, WRONGFUL DEATH AND CONSORTIUM AND RASKOB CLAIM AGAINST INSURERS**

COMES NOW Plaintiff Dennis P. Murphy as Personal Representative of the Estate of Harry Joe Jr., and Irene Slim individually, by and through their attorneys, Breyer Law Offices, P.C., and for their Complaint state as follows:

**PARTIES, VENUE, AND JURISDICTION**

1. Plaintiff Dennis P. Murphy is a resident of Santa Fe County, New Mexico.
2. Plaintiff Irene Slim is a resident of San Juan County, New Mexico.
3. Upon information and belief, Defendant Miguel Fuentes is a resident of Salt Lake County, Utah.
4. Upon information and belief Defendant A & B Logistics Company LLC is incorporated in Utah with its primary place of business in Salt Lake County, Utah.

5. Defendant New Mexico Department of Transportation (hereinafter "NMDOT") is an agency of the state of New Mexico responsible for the construction, maintenance and repair of public highways within the State of New Mexico as described in the Tort Claims Act, NMSA 1978 §§ 41-4-1, et seq.
6. Upon information and belief Defendant Sentry Select Insurance Company ("Sentry") is incorporated in Wisconsin and its principle place of business is in Portage County, Wisconsin.
7. John and Jane Does 1-5 and ABC Corporations 1-5 are persons or entities whose conduct, true names and identities are unknown at this time. Plaintiffs request leave to amend this pleading when that information is discovered.
8. The acts and omissions complained of occurred in San Juan County, New Mexico.
9. Venue is proper in this Court pursuant to NMSA 1978 § 38-3-1.
10. This Court has jurisdiction over the parties and the subject matter of this lawsuit.

**FACTS COMMON TO ALL CAUSES OF ACTION**

11. On or about October 12, 2025, at approximately 4:37 a.m., on US Highway 491 near milepost 88 in Shiprock, New Mexico, Defendant Miguel Fuentes was operating a semi-truck at a high rate of speed.
12. Defendant Fuentes struck pedestrian Harry Joe Jr., who was pronounced deceased at the scene.
13. Defendant Fuentes was driving a 2020 Freightliner Commercial Motor Vehicle registered to A & B Logistics Company LLC and insured by Sentry Insurance.
14. On information and belief, there were no pre impact skid marks or other evidence of timely evasive braking at the scene.

15. Defendant Fuentes failed to keep a lookout, failed to reduce speed and failed to avoid the pedestrian v. commercial motor vehicle crash that killed Mr. Joe.

16. At all relevant times, Mr. Fuentes was speeding, driving in an unsafe manner and failed in his duty to maintain a proper lookout and control of the tractor trailer under the circumstances.

17. As a direct and proximate result of Mr. Fuentes's excessive speed and reckless operation of the commercial motor vehicle under low visibility conditions, the semi truck violently smashed into Mr. Joe, causing fatal injuries and Mr. Joe was pronounced dead at the scene.

18. A & B Logistics Company LLC owned, leased or otherwise exercised control over the involved tractor.

19. A & B Logistics Company LLC, acting through its agents, participated in the post-crash investigation by providing the dash camera footage to law enforcement, evidencing its control over and involvement in its driver's operations and incident response.

20. At all relevant times Mr. Fuentes was acting within the course and scope of his employment or agency for A & B Logistics Company LLC as its insured commercial driver in the operation of the subject 2020 Freightliner on US Highway 491.

21. A & B Logistics Company LLC authorized, participated in and ratified Mr. Fuentes's acts and omissions that led to the fatal crash.

22. On information and belief, A & B Logistics Company LLC authorized, directed, or knowingly permitted operational practices—including schedule pressures and speed of delivery priorities—that encouraged or tolerated drivers, including Mr. Fuentes, to exceed permissible hour restrictions, posted limits and to forego prudent speed reductions

in low visibility conditions, and thereafter ratified such conduct in connection with this crash.

23. The foregoing conduct by Mr. Fuentes and A & B Logistics Company LLC were willful, wanton, reckless or careless, including operation exceeding permissible hour restrictions, driving at an excessive speed in darkness without adequate lookout or evasive action, and A & B Logistics Company LLC's direct participation in, authorization of, and ratification of that conduct entitles Plaintiffs to punitive or exemplary damages from A & B Logistics Company LLC.

**COUNT I**
**NEGLIGENCE**

24. Plaintiffs incorporate the preceding paragraphs as though fully set forth herein.

25. Defendant Fuentes had a duty to keep a proper lookout and to avoid accidents.

26. Defendant Fuentes breached the duty to keep a proper lookout and to avoid an accident.

27. Defendant Fuentes' breach of duties directly and proximately caused the death of Harry Joe Jr. and damages to Irene Slim.

28. Defendant Fuentes was driving carelessly and heedlessly in willful and wanton disregard for the rights and safety of others and without due caution and circumspection and in a manner so as to endanger others.

29. As a direct and proximate result of the negligence of Defendant Fuentes, Plaintiffs suffered personal injuries and damages including, but not limited to, death, physical injuries, property damages, medical expenses, pain and suffering, loss of enjoyment of life, loss of household services, and other personal injuries in amounts to be proven at trial.

30. Because Defendant Fuentes' acts and omissions were willful, wanton, reckless or careless Plaintiffs are entitled to punitive or exemplary damages in an amount to be determined by the factfinder.

**COUNT II**
**NEGLIGENCE PER SE**
**A & B Logistics Company LLC and Miguel Fuentes**

31. Plaintiffs incorporate the preceding paragraphs as though fully set forth herein.

32. At all times pertinent hereto there were in force and effect, state and federal statutes that were enacted for the safety of the public at large, including Harry Joe Jr.

33. The Federal Motor Carrier Safety Act adopted regulations, hereinafter referred to as "FMCSR," that apply to all trucks, drivers and carriers engaged in interstate commerce including Defendants A & B Logistics Company LLC, and Miguel Fuentes.

34. In addition, the New Mexico State Motor Carrier Safety Act and Traffic laws apply to trucks operating within the State of New Mexico.

35. There were in force and effect FMCSR regulations that may have been violated by Defendants A & B Logistics Company LLC, and Miguel Fuentes, including but not limited to the following:

a. FMCSR 383.35 and 391.23 regarding background investigation of drivers;

b. FMSCR 387 requiring minimum insurance of $750,000;

c. FMCSR 391.11 regarding driver qualifications;

d. FMCSR 391.13 regarding driver training;

e. FMCSR 391.25 regarding annual review of driver safety;

f. FMCSR 391.27 regarding annual reports of driving violations;

g. FMCSR 391.31 regarding driver road testing.

h. FMCSR 391.51 regarding qualification and records files;

i. FMCSR 395.3 regarding hours of operation; and,

j. FMCSR 395.8 regarding driver duty status logs.

36. At the time of the aforesaid collision, there were in force and effect FMCSR regulations that may have been violated by Defendants A & B Logistics Company LLC, and Miguel Fuentes, including but not limited to the following:

a. NMSA 1978 – 66-7-301(b)(1)- requiring that in every event speed be so controlled by the driver as may be necessary to avoid colliding with any person;

b. NMSA 1978 – 66-7-301(b)(2) - in every event speed shall be so controlled by the driver as may be necessary to comply with legal requirements as may be established by the State Highway and Transportation Department or the New Mexico State Police Division of the Department of Public Safety and the duty of all persons to use due care;

c. NMSA 1978 – 66-8-113 - reckless driving;

d. NMSA 1978 –66-8-114 - careless driving;

e. NMSA 1978 – 65-3-11 - hours of service of drivers which includes but shall not be limited to maximum driving and on duty time, travel time, maintenance of a driver's log or record of duty status;

f. NMSA 1978 –65-3-7 - qualifications of drivers;

g. NMSA 1978 –65-3-8 - equipment; loading; driving; unsafe practices; and

h. NMSA 1978 –65-3-9 - commercial motor vehicles; equipment; regulations.

i. As a direct and proximate result of violations of the above statutes and regulations, Plaintiffs have and will continue to suffer injuries and damages in an amount to be proved at trial.

j. At all times pertinent hereto, Defendants A & B Logistics Company LLC and Miguel Fuentes failed to act reasonably in the operation of the 18-wheeler tractor and trailer. At the time of the incident, Defendant Fuentes was acting as an agent or employee of A & B Logistics Company LLC, within the course and scope of his employment. Defendant A & B Logistics Company LLC is liable for the acts or omissions of their employees, agents, apparent agents, representatives and/or designees under the doctrine of *Respondeat Superior*.

k. Defendant Fuentes was negligent and breached his duty to Harry Joe Jr., and the public, at the above time and place in at least the following respects:

  i. operating the vehicle in a careless and reckless manner;
  ii. failing to have his vehicle under proper control;
  iii. failing to safely apply brakes to avoid a collision;
  iv. failing to maintain a safe speed;
  v. failing to keep a proper lookout; and
  vi. failing to use due care.

37. As a direct and proximate result of Defendants A & B Logistics Company LLC and Miguel Fuentes' negligence, as set forth above, Plaintiff suffered serious injuries and damages in an amount to be proven at trial.

38. Defendant Miguel Fuentes' actions were malicious, willful, wanton, reckless and/or careless. Plaintiffs are entitled to an award of punitive damages.

39. Because Defendant A & B Logistics Company LLC authorized, participated in or ratified Miguel Fuentes' willful, wanton or careless acts and omissions, Plaintiffs are entitled to punitive or exemplary damages in an amount to be determined by the fact-finder from A & B Logistics Company LLC.

**COUNT III**
**NEGLIGENT ENTRUSTMENT**
**A & B Logistics Company LLC, John and Jane Does 1-5 and ABC Corporations 1-5**

40. Plaintiff incorporates the preceding paragraphs as though fully set forth herein.

41. The 18-wheeler driven by Defendant Miguel Fuentes was owned by Defendants A & B Logistics Company LLC, John and Jane Does 1-5 and/or ABC Corporations 1-5.

42. The trailer being towed behind the 18-wheeler driven by Defendant Miguel Fuentes was owned by Defendants A & B Logistics Company LLC, John and Jane Does 1-5 and/or ABC Corporations 1-5.

43. The load being hauled in the trailer being towed behind the 18-wheeler driven by Defendant Miguel Fuentes was owned by Defendants A & B Logistics Company LLC, John and Jane Does 1-5 and/or ABC Corporations 1-5.

44. Defendant owners A & B Logistics Company LLC, John and Jane Does 1-5 and/or ABC Corporations 1-5 permitted Defendant Miguel Fuentes to operate the 18-wheeler, towing the trailer and load at the time of the crash.

45. Defendants A & B Logistics Company LLC, John and Jane Does 1-5 and/or ABC Corporations 1-5 knew or should have known that Defendant Miguel Fuentes was likely to use the vehicles in such a manner as to create an unreasonable risk of harm to others.

46. Defendant Miguel Fuentes was negligent in the operation of the motor vehicles.
47. Defendants' negligence was a cause of the injuries to Ms. Slim and the death of Harry Joe Jr.
48. Defendants A & B Logistics Company LLC, John and Jane Does 1-5 and/or ABC Corporations 1-5 negligent entrustment of the vehicles directly and proximately caused Mr. Joe's death and Irene Slim's personal injuries and damages including, but not limited to, consortium, wrongful death, and other personal injuries in amounts to be proven at trial.
49. Defendants A & B Logistics Company LLC, John and Jane Does 1-5 and/or ABC Corporations 1-5 participated in, authorized or ratified Defendant Miguel Fuentes' malicious, willful, wanton, reckless and/or careless acts making Defendants A & B Logistics Company LLC, John and Jane Does 1-5 and/or ABC Corporations 1-5 liable for punitive damages.

**COUNT IV**
**RESONDEAT SUPERIOR**
**A & B Logistics Company LLC**

50. Plaintiff incorporates the preceding paragraphs as though fully set forth herein.
51. At all times pertinent hereto Defendant Miguel Fuentes was acting in the course and scope of his employment or agency with A & B Logistics Company LLC.
52. Defendant A & B Logistics Company LLC is liable for all acts or omissions of Defendant Miguel Fuentes while in the course and scope of his employment or agency.
53. Defendant Miguel Fuentes was driving carelessly and heedlessly in willful and wanton disregard for the rights and safety of others and without due caution and circumspection and in a manner so as to endanger others.

54. As a direct and proximate result of the negligence of Miguel Fuentes, A & B Logistics Company LLC is liable for Plaintiffs' personal injuries and damages including, but not limited to, wrongful death, consortium, and other personal injuries in amounts to be proven at trial.

55. Because Defendant A & B Logistics Company LLC authorized, participated in, or ratified Defendant Miguel Fuentes' acts and omissions, which were willful, wanton, reckless or careless, Plaintiffs are entitled to punitive or exemplary damages in an amount to be determined by the factfinder from Defendant A & B Logistics Company LLC.

**COUNT V**
**WRONGFUL DEATH**
**All Defendants**

56. Plaintiffs incorporate the preceding paragraphs as though fully set forth herein.

57. On October 12, 2025, at approximately 4:37 a.m., Decedent Harry Joe Jr. was walking on or near U.S. Highway 491 near milepost 88 in or near Shiprock, San Juan County, New Mexico.

58. At that same time and place, Defendant Miguel Fuentes was operating a commercial tractor-trailer/semi-truck in the southbound lanes of U.S. Highway 491, and the semi-truck was owned by, operated by, and/or being used in the business of Defendant A & B Logistics Company LLC.

59. While operating the semi-truck, Fuentes struck Harry Joe Jr., causing catastrophic injuries. Mr. Joe died as a direct and proximate result of this collision.

60. Mr. Joe's death was caused by the negligence of Miguel Fuentes and A & B Logistics Company LLC.

61. At all relevant times, Fuentes owed Decedent and the motoring/public roadway users a duty to use reasonable care under the circumstances, including but not limited to maintaining a proper lookout, traveling at a safe speed for conditions, maintaining proper control of the vehicle, using reasonable defensive driving practices, and taking reasonable evasive action to avoid foreseeable hazards.

62. Defendants breached their duties of reasonable care by failing to keep a proper lookout; failing to timely perceive Decedent; failing to operate at a safe speed for the conditions; failing to timely brake, steer, or otherwise take evasive action; failing to exercise reasonable care in the operation of a commercial motor vehicle in low-light conditions; and otherwise operating and/or managing the commercial vehicle in a careless and unsafe manner.

63. In addition to Fuentes' direct negligence, Defendant A&B Logistics is liable for the wrongful death of Decedent under the doctrine of respondeat superior because Fuentes was acting within the course and scope of his agency and/or employment with A&B Logistics at the time of the collision and was driving A&B Logistics' commercial vehicle in furtherance of A&B Logistics' business.

64. Further, and/or in the alternative, A&B Logistics is independently liable for its own negligence, including negligent hiring, retention, training, supervision, staffing, entrustment, safety practices, and/or related failures in managing and operating its commercial motor vehicle operations, to the extent supported by discovery and the evidence.

65. Defendants' negligence was a direct and proximate cause of the collision, Decedent's fatal injuries, and the damages suffered by the statutory beneficiary(ies) under the New Mexico Wrongful Death Act.

66. As a direct and proximate result of Defendants' wrongful acts and/or omissions, Decedent's statutory beneficiary(ies), including Decedent's mother Irene Slim, have sustained and will continue to sustain legally recoverable wrongful death damages, including but not limited to loss of guidance, care, companionship, society, and other recoverable economic and non-economic damages as allowed by New Mexico law, plus costs and such other relief as the Court deems just and proper..

67. Because Defendant A & B Logistics Company LLC authorized, participated in, or ratified Defendant Miguel Fuentes' acts and omissions, which were willful, wanton, reckless or careless, Plaintiffs are entitled to punitive or exemplary damages in an amount to be determined by the factfinder from Defendant A & B Logistics Company LLC.

**COUNT VI**
**CONSORTIUM**
**All Defendants**

68. Plaintiffs incorporate the preceding paragraphs as though fully set forth herein.

69. Plaintiff Irene Slim is the natural mother of decedent, Harry Joe Jr.

70. On October 12, 2025, at approximately 4:37 a.m., on U.S. Highway 491 near Milepost 88 in Shiprock, New Mexico, a southbound semi-truck operated by Defendant Miguel Fuentes and owned and/or operated by Defendant A & B Logistics Company LLC struck pedestrian Harry Joe Jr.; he was pronounced deceased at the scene.

71. As a direct and proximate result of the collision, and the death of her son, Irene Slim has suffered the loss of Harry Joe Jr.'s love, companionship, society, comfort, guidance, and affection.

72. Irene Slim has endured and continues to endure severe grief, mental anguish, and emotional distress arising from the death of her son, resulting in a significant and ongoing diminishment of her quality of life.

73. Irene Slim's loss-of-consortium harms were foreseeably caused by the Defendants' conduct culminating in the fatal collision and are compensable in this action.

74. Plaintiff seeks damages for her loss of consortium in an amount to be determined by the trier of fact, together with allowable interest, costs, and any further relief deemed just and proper.

**COUNT VII**
**JOINT AND SEVERAL LIABILITY OF SENTRY SELECT INSURANCE COMPANY**

75. Plaintiffs incorporate the preceding paragraphs as though fully set forth herein.

76. At all relevant times, Defendant Sentry Select Insurance Company ("Sentry") issued and maintained a motor-vehicle liability insurance policy, Policy No. A0198348001, insuring Defendant A & B Logistics Company LLC and/or its driver, Miguel Fuentes, for liability arising out of the use and operation of the 2020 Freightliner semi-truck involved in the October 12, 2025 collision.

77. The police report identifies Sentry as the insurer with policy no. A0198348001, and Sentry acknowledged the claim arising from this loss.

78. Defendant Sentry Insurance is directly liable in this action and is jointly and severally liable with Defendants A & B Logistics Company LLC and Miguel Fuentes for any

judgment entered against them, to the extent of the applicable liability insurance limits available under Sentry's policy, together with such interest and costs as allowed by law.

WHEREFORE, Plaintiffs Dennis Murphy as Personal Representative for the Estate of Harry Joe Jr., and Irene Slim, individually, pray for judgment against Defendants Miguel Fuentes, A & B Logistics Company LLC, John and Jane Does 1-5 and/or ABC Corporations 1-5, for all damages recoverable under the New Mexico Wrongful Death Act, compensatory and punitive damages in such amounts allowed by law and as determined by the fact finders in this case, and for interest, costs and such further relief as the Court deems just.

Respectfully submitted,

BREYER LAW OFFICES, P.C.

*<u>/s/ Richard H. Cravens, IV</u>*
Mark P. Breyer
Richard H. Cravens, IV
11005 Spain Rd., N.E., Suite 17
Albuquerque, New Mexico 87111
Telephone: (505) 392-5744
mark@breyerlaw.com
rick.cravens@breyerlaw.com