**IN THE UNITED STATES DISTRICT COURT FOR**
**THE DISTRICT OF NEW MEXICO**

**DENNIS P. MURPHY, AS PERSONAL REPRESENTATIVE OF THE ESTATE OF HARRY JOE, JR., DECEASED; AND IRENE SLIM, INDIVIDUALLY,**

**Plaintiffs,**

**v.** **Civ. No. 1:26-cv-02103-SMD-SCY**

**MIGUEL FUENTES; A & B LOGISTICS COMPANY, LLC; NEW MEXICO DEPARTMENT OF TRANSPORTATION; SENTRY SELECT INSURANCE COMPANY; JOHN and JANE DOES 1-5; and ABC CORPORATIONS 1-5,**

**Defendants.**

**ANSWER TO COMPLAINT FOR NEGLIGENCE, NEGLIGENCE PER SE, NEGLIGENT ENTRUSTMENT, RESPONDEAT SUPERIOR, WRONGFUL DEATH AND CONSORTIUM AND RASKOB CLAIM AGAINST INSURERS**

COMES NOW, Defendant, New Mexico Department of Transportation ("NMDOT"), by and through its attorneys, Garcia Law Group, LLC (Rodney L. Gabaldón and Bryan C. Garcia), and files its Answer and Affirmative Defenses to Plaintiff's First Amended *Complaint for Negligence, Negligence Per Se, Negligent Entrustment, Respondeat Superior, Wrongful Death and Consortium and Raskob Claim against Insurers* ("Complaint"). The Paragraphs and headings in this Answer correspond to each of the headings, subheadings and Paragraph numbers in Plaintiff's Complaint, as follows:

## PARTIES, VENUE, AND JURISDICTION

1. Defendant NMDOT lacks the information or knowledge sufficient to form a belief as to the truth of the averments contained in Paragraph 1 of the Complaint and therefore denies the same until further discovery is conducted in this matter.

2. Defendant NMDOT lacks the information or knowledge sufficient to form a belief as to the truth of the averments contained in Paragraph 2 of the Complaint and therefore denies the same until further discovery is conducted in this matter.

3. Defendant NMDOT lacks the information or knowledge sufficient to form a belief as to the truth of the averments contained in Paragraph 3 of the Complaint and therefore denies the same until further discovery is conducted in this matter.

4. Defendant NMDOT lacks the information or knowledge sufficient to form a belief as to the truth of the averments contained in Paragraph 4 of the Complaint and therefore denies the same until further discovery is conducted in this matter.

5. Defendant NMDOT admits that New Mexico Department of Transportation is an agency of the State of New Mexico, and denies the remainder of the averments contained in Paragraph 5 of the Complaint, which call for a legal conclusion.

6. Defendant NMDOT lacks the information or knowledge sufficient to form a belief as to the truth of the averments contained in Paragraph 6 of the Complaint and therefore denies the same until further discovery is conducted in this matter.

7. Defendant NMDOT lacks the information or knowledge sufficient to form a belief as to the truth of the averments contained in Paragraph 7 of the Complaint and therefore denies the same until further discovery is conducted in this matter.

8. Defendant NMDOT lacks the information or knowledge sufficient to form a belief as to the truth of the averments contained in Paragraph 8 of the Complaint and therefore denies the same until further discovery is conducted in this matter.

**9.** The allegations in Paragraph 9 are legal conclusions to which no response is required. Paragraph

**10.** The allegations in Paragraph 10 are legal conclusions to which no response is required.

**FACTS COMMON TO ALL CAUSES OF ACTION**

11. Defendant NMDOT lacks the information or knowledge sufficient to form a belief as to the truth of the averments contained in paragraph 11 of the Complaint and therefore denies the same until further discovery is conducted in this matter. Paragraph

12. Defendant NMDOT lacks the information or knowledge sufficient to form a belief as to the truth of the averments contained in Paragraph 12 of the Complaint and therefore denies the same until further discovery is conducted in this matter.

13. Defendant NMDOT lacks the information or knowledge sufficient to form a belief as to the truth of the averments contained in Paragraph 13 of the Complaint and therefore denies the same until further discovery is conducted in this matter.

14. Defendant NMDOT lacks the information or knowledge sufficient to form a belief as to the truth of the averments contained in paragraph 14 of the Complaint and therefore denies the same until further discovery is conducted.

15. Defendant NMDOT lacks the information or knowledge sufficient to form a belief as to the truth of the averments contained in Paragraph 15 of the Complaint and therefore denies the same until further discovery is conducted in this matter.

16. Defendant NMDOT lacks the information or knowledge sufficient to form a belief as to the truth of the averments contained in Paragraph 16 of the Complaint and therefore denies the same until further discovery is conducted in this matter.

17. Defendant NMDOT lacks the information or knowledge sufficient to form a belief as to the truth of the averments contained in Paragraph 17 of the Complaint and therefore denies the same until further discovery is conducted in this matter.

18. Defendant NMDOT lacks the information or knowledge sufficient to form a belief as to the truth of the averments contained in Paragraph 18 of the Complaint and therefore denies the same until further discovery is conducted in this matter.

19. Defendant NMDOT lacks the information or knowledge sufficient to form a belief as to the truth of the averments contained in Paragraph 19 of the Complaint and therefore denies the same until further discovery is conducted in this matter.

20. Defendant NMDOT lacks the information or knowledge sufficient to form a belief as to the truth of the averments contained in Paragraph 20 of the Complaint and therefore denies the same until further discovery is conducted in this matter.

21. Defendant NMDOT lacks the information or knowledge sufficient to form a belief as to the truth of the averments contained in Paragraph 21 of the Complaint and therefore denies the same until further discovery is conducted in this matter.

22. Defendant NMDOT lacks the information or knowledge sufficient to form a belief as to the truth of the averments contained in Paragraph 22 of the Complaint and therefore denies the same until further discovery is conducted in this matter.

23. Defendant NMDOT lacks the information or knowledge sufficient to form a belief as to the truth of the averments contained in Paragraph 23 of the Complaint and therefore denies the same until further discovery is conducted in this matter.

**COUNT I**
**NEGLIGENCE**

24. Defendant NMDOT adopts and realleges the responses to allegations 1-23 as though fully set forth herein.

25. The averments contained in Paragraph 25 of the Complaint pertain to another Defendant; therefore, no answer is necessary.

26. The averments contained in Paragraph 26 of the Complaint pertain to another Defendant; therefore, no answer is necessary.

27. The averments contained in Paragraph 27 of the Complaint pertain to another Defendant; therefore, no answer is necessary.

28. The averments contained in Paragraph 28 of the Complaint pertain to another Defendant; therefore, no answer is necessary.

29. The averments contained in Paragraph 29 of the Complaint pertain to another Defendant; therefore, no answer is necessary.

30. The averments contained in Paragraph 30 of the Complaint pertain to another Defendant; therefore, no answer is necessary.

**COUNT II**
**NEGLIGENCE PER SE**
**A & B Logistics Company LLC and Miguel Fuentes**

31. Defendant NMDOT adopts and realleges the responses to allegations 1-30 as though fully set forth herein.

32. The averments contained in Paragraph 32 of the Complaint pertain to another Defendant; therefore, no answer is necessary.

33. The averments contained in Paragraph 33 of the Complaint pertain to another Defendant; therefore, no answer is necessary.

34. The averments contained in Paragraph 34 of the Complaint pertain to another Defendant; therefore, no answer is necessary.

35. The averments contained in Paragraph 35, including all subparts, of the Complaint pertain to another Defendant; therefore, no answer is necessary.

36. The averments contained in Paragraph 36, including all subparts, of the Complaint pertain to another Defendant; therefore, no answer is necessary.

37. The averments contained in Paragraph 37 of the Complaint pertain to another Defendant; therefore, no answer is necessary.

38. The averments contained in Paragraph 38 of the Complaint pertain to another Defendant; therefore, no answer is necessary.

39. The averments contained in Paragraph 39 of the Complaint pertain to another Defendant; therefore, no answer is necessary.

**COUNT III**
**NEGLIGENT ENTRUSTMENT**
**A & B Logistics Company, LLC, John and Jane Does 1-5 and ABC Corporations 1-5**

40. Defendant NMDOT adopts and realleges the responses to allegations 1-39 as though fully set forth herein.

41. The averments contained in Paragraph 41 of the Complaint pertain to another Defendant; therefore, no answer is necessary.

42. The averments contained in Paragraph 42 of the Complaint pertain to another Defendant; therefore, no answer is necessary.

43. The averments contained in Paragraph 43 of the Complaint pertain to another Defendant; therefore, no answer is necessary.

44. The averments contained in Paragraph 44 of the Complaint pertain to another Defendant; therefore, no answer is necessary.

45. The averments contained in Paragraph 45 of the Complaint pertain to another Defendant; therefore, no answer is necessary.

46. The averments contained in Paragraph 46 of the Complaint pertain to another Defendant; therefore, no answer is necessary.

47. The averments contained in Paragraph 47 of the Complaint pertain to another Defendant; therefore, no answer is necessary.

48. The averments contained in Paragraph 48 of the Complaint pertain to another Defendant; therefore, no answer is necessary.

49. The averments contained in Paragraph 49 of the Complaint pertain to another Defendant; therefore, no answer is necessary.

**COUNT IV**
**RESONDEAT SUPERIOR (SIC)**
**A & B Logistics Company LLC**

50. Defendant NMDOT adopts and realleges the responses to allegations 1-49 as though fully set forth herein.

51. The averments contained in Paragraph 51 of the Complaint pertain to another Defendant; therefore, no answer is necessary.

52. The averments contained in Paragraph 52 of the Complaint pertain to another Defendant; therefore, no answer is necessary.

53. The averments contained in Paragraph 53 of the Complaint pertain to another Defendant; therefore, no answer is necessary.

54. The averments contained in Paragraph 54 of the Complaint pertain to another Defendant; therefore, no answer is necessary.

55. The averments contained in Paragraph 55 of the Complaint pertain to another Defendant; therefore, no answer is necessary.

**COUNT V**
**WRONGFUL DEATH**
**All Defendants**

56. Defendant NMDOT adopts and realleges the responses to allegations 1-55 as though fully set forth herein.

57. Defendant NMDOT lacks the information or knowledge sufficient to form a belief as to the truth of the averments contained in Paragraph 57 of the Complaint and therefore denies the same until further discovery is conducted in this matter.

58. The averments contained in Paragraph 58 of the Complaint pertain to another Defendant; therefore, no answer is necessary. To the extent that the averments pertain to Defendant NMDOT, they are denied.

59. The averments contained in Paragraph 59 of the Complaint pertain to another Defendant; therefore, no answer is necessary. The allegations in Paragraph 59 are legal conclusions to which no response is required. To the extent that the averments pertain to Defendant NMDOT, they are denied.

60. The averments contained in Paragraph 60 of the Complaint pertain to another Defendant; therefore, no answer is necessary. The allegations in Paragraph 60 are legal conclusions to which no response is required. To the extent that the averments pertain to Defendant NMDOT, they are denied.

61. The averments contained in Paragraph 61 of the Complaint pertain to another Defendant; therefore, no answer is necessary. The allegations in Paragraph 61 are legal conclusions to which no response is required. To the extent that the averments pertain to Defendant NMDOT, they are denied.

62. The averments contained in Paragraph 62 of the Complaint pertain to another Defendant; therefore, no answer is necessary. The allegations in Paragraph 62 are legal conclusions to which no response is required. To the extent that the averments pertain to Defendant NMDOT, they are denied.

63. The averments contained in Paragraph 63 of the Complaint pertain to another Defendant; therefore, no answer is necessary. The allegations in Paragraph 63 are legal conclusions

to which no response is required. To the extent that the averments pertain to Defendant NMDOT, they are denied.

64. The averments contained in Paragraph 59 of the Complaint pertain to another Defendant; therefore, no answer is necessary. The allegations in Paragraph 64 are legal conclusions to which no response is required. To the extent that the averments pertain to Defendant NMDOT, they are denied.

65. The allegations in Paragraph 65 are legal conclusions to which no response is required. To the extent a response is required, Defendant NMDOT denies the averments contained in Paragraph 65 of the Complaint.

66. The allegations in Paragraph 66 are legal conclusions to which no response is required. To the extent a response is required, Defendant NMDOT denies the averments contained in Paragraph 66 of the Complaint.

67. The averments contained in Paragraph 67 of the Complaint pertain to another Defendant; therefore, no answer is necessary. To the extent that the averments pertain to Defendant NMDOT, they are denied

**COUNT VI**
**CONSORTIUM**
**All Defendants**

68. Defendant NMDOT adopts and realleges the responses to allegations 1-67 as though fully set forth herein.

69. Defendant NMDOT lacks the information or knowledge sufficient to form a belief as to the truth of the averments contained in Paragraph 69 of the Complaint and therefore denies the same until further discovery is conducted in this matter.

70. The averments contained in Paragraph 70 of the Complaint pertain to another Defendant; therefore, no answer is necessary. The allegations in Paragraph 70 are legal conclusions to which no response is required. To the extent that the averments pertain to Defendant NMDOT, they are denied

71. The allegations in Paragraph 71 are legal conclusions to which no response is required. To the extent a response is required, Defendant NMDOT denies the averments contained in Paragraph 71 of the Complaint.

72. The allegations in Paragraph 72 are legal conclusions to which no response is required. To the extent a response is required, Defendant NMDOT denies the averments contained in Paragraph 72 of the Complaint.

73. The allegations in Paragraph 73 are legal conclusions to which no response is required. To the extent a response is required, Defendant NMDOT denies the averments contained in Paragraph 73 of the Complaint.

74. The allegations in Paragraph 74 are legal conclusions to which no response is required. To the extent a response is required, Defendant NMDOT denies the averments contained in Paragraph 74 of the Complaint.

**COUNT VII**
**JOINT AND SEVERAL LIABILITY OF SENTRY SELECT INSURANCE COMPANY**

75. Defendant NMDOT adopts and realleges the responses to allegations 1-74 as though fully set forth herein.

76. The averments contained in Paragraph 76 of the Complaint pertain to another Defendant; therefore, no answer is necessary.

77. The averments contained in Paragraph 77 of the Complaint pertain to another Defendant; therefore, no answer is necessary.

78. The averments contained in Paragraph 78 of the Complaint pertain to another Defendant; therefore, no answer is necessary.

**COUNT VII**
**NEGLIGENCE AND LIABILITY PURSUANT TO THE TORT CLAIMS ACT**
**NMDOT**

79. Defendant NMDOT adopts and realleges the responses to allegations 1-78 as though fully set forth herein.

80. The allegations in Paragraph 80 are legal conclusions to which no response is required. To the extent a response is required, Defendant NMDOT denies the averments contained in Paragraph 80 of the Complaint.

81. The allegations in Paragraph 81 are legal conclusions to which no response is required. To the extent a response is required, Defendant NMDOT denies the averments contained in Paragraph 81 of the Complaint.

82. The allegations in Paragraph 82 are legal conclusions to which no response is required. To the extent a response is required, Defendant NMDOT denies the averments contained in Paragraph 82 of the Complaint.

83. The allegations in Paragraph 83 are legal conclusions to which no response is required. To the extent a response is required, Defendant NMDOT denies the averments contained in Paragraph 83 of the Complaint.

84. The allegations in Paragraph 84 are legal conclusions to which no response is required. To the extent a response is required, Defendant NMDOT denies the averments contained in Paragraph 84 of the Complaint.

85. The allegations in Paragraph 85 are legal conclusions to which no response is required. To the extent a response is required, Defendant NMDOT denies the averments contained in Paragraph 85 of the Complaint.

86. The allegations in Paragraph 86 are legal conclusions to which no response is required. To the extent a response is required, Defendant NMDOT denies the averments contained in Paragraph 86 of the Complaint.

## DEFENDANT NMDOT'S AFFIRMATIVE DEFENSES

### FIRST AFFIRMATIVE DEFENSE

The cause of actions fails to state a claim upon which relief may be granted.

### SECOND AFFIRMATIVE DEFENSE

Plaintiff has failed to mitigate any alleged damages suffered in his pleadings.

### THIRD AFFIRMATIVE DEFENSE

Plaintiff's Complaint alleges torts for which immunity has not been waived under the Tort Claims Act, NMSA 1978, § 41-4-1, *et seq.*, and therefore, Defendant NMDOT cannot be held liable for those claims.

**FOURTH AFFIRMATIVE DEFENSE**

To the extent Plaintiff has suffered any injuries or damages, which is denied, such injuries or damages were the result of Plaintiff's own negligence or the negligence of other persons or entities.

**FIFTH AFFIRMATIVE DEFENSE**

To the extent Plaintiff has suffered any injuries or damages, which is denied, such injuries or damages were the proximate result of superseding events, factors, occurrences, conditions, or independent intervening causes which were in no way caused by Defendant NMDOT and for which Defendant NMDOT is not liable.

**SIXTH AFFIRMATIVE DEFENSE**

Plaintiff's claims are barred and/or damages should be apportioned to the extent the injuries claimed by Plaintiff are the proximate result of a pre-existing condition, subsequent injury, or are not the proximate result of the alleged incident.

**SEVENTH AFFIRMATIVE DEFENSE**

Plaintiff's claims may be barred by the notice requirement of the New Mexico Tort Claims Act, § 41-4-6 NMSA 1978.

## EIGHTH AFFIRMATIVE DEFENSE

Plaintiff's claims are barred or limited by the provisions of the New Mexico Tort Claims Act, §§ 41-4-1 to 41-4-30, NMSA 1978 including, but not limited to, the statute of limitations and limitations on liability.

## NINTH AFFIRMATIVE DEFENSE

Plaintiff's claims are barred, in whole or in part, by the doctrines of laches, unclean hands, waiver, and estoppel.

## TENTH AFFIRMATIVE DEFENSE

Defendant NMDOT breached no duty owed to Plaintiff.

## ELEVENTH AFFIRMATIVE DEFENSE

To the extent that Plaintiff suffered any detriment by NMDOT, such was unavoidable and unforeseeable.

## TWELFTH AFFIRMATIVE DEFENSE

Pursuant to §§ 41-4-19(B) of the NMTCA, NMDOT is not liable for exemplary or punitive damages.

## RESERVATION OF RIGHT

Defendant NMDOT reserves the right to amend its pleadings to raise any and all affirmative defenses it is entitled to as the case proceeds in this litigation and in accordance with the Court's scheduling order and the Federal Rules of Procedure. A party may set forth two or more statements of a claim or defense alternatively or hypothetically, either in one count or defense or in separate counts or defenses.

WHEREFORE, Defendant NMDOT prays that this Court dismiss the Complaint and for such other and further relief as this Court deems just and proper.

Respectfully Submitted,

GARCIA LAW GROUP LLC.

By: */s/ Rodney L. Gabaldón*

Rodney L. Gabaldón
Bryan C. Garcia
6739 Academy Road Suite 200
Albuquerque, New Mexico 87109
Telephone: (505) 243-6864
Email: rgabaldon@garcialawgroupllc.com
bgarcia@garcialawgroupllc.com

I HEREBY CERTIFY that on the 19th day of 2026, I submitted the foregoing for electronic filing through "Odyssey File & Serve" which caused the below named counsel to be served by electronic means.

*/s/ Rodney L. Gabaldón*
Rodney L. Gabaldón